UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------x
TIMOTHY KARCHER, et al.,                               :
                                                       :   Case No. 16-cv-00232 (CKK)
                    Plaintiffs,           :
                                                       :
   -against-                                          :
                                                       :
ISLAMIC REPUBLIC OF IRAN,                              :
                                                       :
                    Defendant.            :
-----------------------------------------------------------------x

## MOTION TO SEAL ECF DOCKET NUMBER 2, ERRATA CORRECTED CAPTION FOR COMPLAINT

Pursuant to Local Civil Rule 5.1(h)(1),[1] Plaintiffs, by their undersigned attorneys, respectfully move the Court for an order sealing ECF Docket No. 2, Errata Corrected Caption for Complaint. Plaintiffs in this action are the estates and families of United States nationals and/or members of the U.S. armed forces who were allegedly killed or injured by Defendant Islamic Republic of Iran ("Iran") and/or its agents in Iraq from 2004-2011. Iran is a U.S.-designated State Sponsor of Terrorism. Courts in this district have adjudicated numerous cases against Defendant and have found it liable for numerous terrorist attacks perpetrated throughout the Middle East.

Pursuant to directions from the Clerk's office, on February 17, 2016 Plaintiffs filed a corrected caption for their complaint with the Court which listed each Plaintiff's home address. "Under Local Civil Rules 5.1(e)(1) and 11.1, a party is required to provide both her name and "full residence address" in her first filing with the Court." *Yaman v. U.S. Dept. of State*, 786 F.

---

[1] Rule 4(A)(ii) of Your Honor's Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar-Kotelly (ECF Docket No. 4) references Local Civil Rule 5.1(j). In the current version of the Rules of the United States District Court for the District of Columbia (effective as of September 2015), the applicable Rule is 5.1(h)(1).

Supp. 2d 148, 151 (D.D.C. 2011).[2] However, courts in this district have allowed a party's address to be filed under seal. For example, the court in *Yaman* noted that "a court may permit the filing under seal of a party's address where the circumstances so require." *Id.* (citations omitted). In *Yaman*, the court evaluated the factors set forth in *National Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008), and concluded that plaintiffs had met their burden. *See Yaman*, 786 F. Supp. 2d at 153. The factors, as set forth in *National Ass'n of Waterfront Employers*, are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* 587 F. Supp. 2d at 99.

The first two factors are satisfied in this case, insofar as Plaintiffs are the victims of Iran's systematic and continuous support of terrorism and terrorist groups. Given Defendant's longstanding history (carried through to the present day) of purposeful support of terrorism and terrorist groups, ensuring Plaintiffs' personal safety is of paramount concern. Maintaining Plaintiffs' home addresses under seal will ensure that no further harm will come to them as a result of their participation in this litigation.

The third factor is satisfied in this case because several of the Plaintiffs are minors. When minors are involved in litigation, courts have been more inclined to protect their privacy interests. *See Yaman*, 786 F. Supp. 2d at 153 ("… plaintiff's motion must be assessed 'in light of the special vulnerability of these child-plaintiffs'") (citations omitted).

---

[2] In the current version of the Rules of the United States District Court for the District of Columbia, the applicable Rules are 5.1(c)(1) and 11.1.

With respect to the fourth factor, although this case is not against the U.S. government, the Defendant is a governmental authority with a long a long track record of supporting terrorism, including attacks planned on U.S. soil. The court in *National Ass'n of Waterfront Employers* noted, "'[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.'" *Id.*, 587 F. Supp. 2d at 99 n.9 (citations omitted). In the present case, Plaintiffs are not requesting to proceed under a pseudonym. Rather they are requesting that their addresses be maintained under seal with the Court.

Finally, with respect to the fifth factor, sealing the Plaintiffs' home addresses will not result in unfairness to the Defendant. Defendant has historically not appeared to defend actions brought against it under the terrorism exception to the Foreign Sovereign Immunities Act. In the event, however, that Defendant does appear in this case and is represented through counsel, the parties can thereafter negotiate an appropriate protocol to ensure that Defendant is not disadvantaged in discovery or any other aspect of defending itself fully in the litigation while safeguarding the Plaintiffs.

The six factors enumerated in *U.S. v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), support the same conclusion. In *Hubbard*, the D.C. Circuit identified six factors that a court should consider in determining whether to restrict access to records in a judicial proceeding:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents at issue; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 148 (D.D.C. 2010).

With respect to the first *Hubbard* factor, ECF Docket No. 2 is not a document that the public needs access to. It merely corrects the caption for the case to include each of the Plaintiffs' addresses. As noted above, given the nature of the allegations in the complaint, maintaining the corrected caption under seal will ensure that no further harm will come to Plaintiffs as a result of their participation in this litigation. As long as the public has access to the central allegations contained in the complaint, the ancillary information contained in ECF Docket No. 2 is not information the public needs access to. *See Yaman*, 786 F. Supp. 2d at 152 n2. Plaintiffs are not seeking to have the complaint filed under seal, and the allegations contained therein are subject to public inspection.

With respect to the second *Hubbard* factor, ECF Docket No. 2 was filed with the Court on February 17, 2016. It is not a document that has been on file for years, or even weeks. Since this document has not been made public for an extended period of time, previous public access weighs in favor of sealing it.

With respect to third *Hubbard* factor, as Your Honor noted in *Zapp*, "the fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp*, 746 F. Supp. 2d at 149. As noted above, the likelihood of Defendant appearing in this action is minimal. Notwithstanding this fact, should the Defendant appear in this action, the parties can thereafter negotiate an appropriate protocol to ensure that Defendant is not disadvantaged in any way.

With respect to the fourth *Hubbard* factor, the Plaintiffs' privacy interests are paramount. Maintaining Plaintiffs' home addresses under seal will ensure their safety and that no further harm will come to them as a result of their participation in this litigation.

With respect to the fifth *Hubbard* factor, as previously noted, the likelihood of Defendant appearing and contesting this litigation is infinitesimal. Courts in this district have been issuing

judgments against Iran for more than 10 years and Iran has never appeared to defend against the litigation. If Defendant appears in this action, the parties can thereafter negotiate an appropriate protocol to ensure that Defendant is not disadvantaged in any way.

Finally, with respect to the sixth *Hubbard* factor, the corrected caption was filed with the Court pursuant to the Clerk's direction to correct a deficiency in the caption on the complaint. This document has not been used in the litigation and will not be used in the litigation.

Accordingly, for the reasons set forth above, Plaintiffs respectfully request that Your Honor issue an Order sealing ECF Docket No. 2 and declaring that in the event Plaintiffs file an Amended Complaint they not be required to include their home addresses in its caption.

Dated: February 18, 2016

Respectfully submitted,

By   /s/ Aaron Schlanger
    Aaron Schlanger (DC Bar No. NJ007)
    Gary M. Osen (DC Bar No. NJ009)
    Ari Ungar (DC Bar No. NJ008)
    Naomi Weinberg (DC Bar No. NJ006)
    Peter Raven-Hansen, Of Counsel
    (DC Bar No. 215897)
    345 Seventh Avenue, 21st Floor
    New York, New York 10001
    (646) 380-0470

    **TURNER & ASSOCIATES, P.A.**
    C. Tab Turner
    4705 Somers Avenue, Suite 100
    North Little Rock, AR 72116
    (501) 791-2277

    Attorneys for Plaintiffs