UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------x
TIMOTHY KARCHER, et al.,         :
                                 :    **Case No. 16-cv-00232 (CKK)**
                    Plaintiffs,  :
                                 :
       -against-                 :
                                 :
ISLAMIC REPUBLIC OF IRAN,        :
                                 :
                    Defendant.   :
------------------------------------------------------x

## MOTION FOR JUDGMENT BY DEFAULT

Plaintiffs, through undersigned counsel, respectfully move pursuant to Rule 55(b) for judgment by default. In support thereof, the following is submitted:

1. The Complaint was served on Defendant Islamic Republic of Iran via State Department channels on June 12, 2016 pursuant to 28 U.S.C. § 1608(a)(4). Defendant had until August 11, 2016 to file a responsive pleading. Thereafter, and up to the present, Defendant has failed to plead or otherwise defend this action as required by the Federal Rules of Civil Procedure.

2. On August 16, 2016, the Clerk entered a default as to Defendant pursuant to Rule 55(a).

3. Plaintiffs now move for a judgment by default pursuant to Rule 55(b)(2).

4. In relevant part, 28 U.S.C. § 1608(e) of the Foreign Sovereign Immunities Act provides:

> No judgment by default shall be entered by a court of the United
> States…against a foreign state…unless the claimant establishes his
> claim or right to relief by evidence satisfactory to the court…

5. Plaintiffs request the opportunity to establish their claims through the presentation

of evidence satisfactory to the Court. As cases against the Islamic Republic of Iran have become more common in this District, judges of this Court have proceeded in whole, or in part, by way of sworn testimony and affidavits in these uncontested proceedings. *See, e.g., Moradi, et al. v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 65 (D.D.C. 2015) (Huvelle, J.); *Reed v. Islamic Republic of Iran, et al.*, 845 F. Supp. 2d 204, 212 (D.D.C. 2012) (Urbina, J.); *Belkin v. Islamic Republic of Iran, et al.*, 667 F. Supp. 2d 8, 12 (D.D.C. 2009) (Friedman, J.); *Jacobsen, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 02-1365 (D.D.C. 2002) (Robertson, J.); *Weinstein, et al. v. Islamic Republic of Iran, et al.*, 175 F. Supp. 2d 13, 21 (D.D.C. 2001) (Lamberth, J.).

6. The Islamic Republic of Iran, directly and through its agents and alter-egos, including, but not limited to Hezbollah; the Islamic Revolutionary Guard Corps ("IRGC"), and its subdivision known as the Islamic Revolutionary Guard Corps-Qods Force ("IRGC-QF"); and the litany of Iraqi Shi'a terror groups commonly referred to as the Special Groups, including Jaysh al Mahdi (the "Mahdi Army" or "JAM"), the Promised Day Brigades, Kata'ib Hezbollah, and Asa'ib Ahl al-Haq were responsible for the 93 terrorist attacks delineated in the Complaint, in which Plaintiffs were seriously injured and their family members were killed or seriously injured.

7. Both Iran's and its agents' participation in, and responsibility for, terrorist attacks, as well as Iran's material support to its aforementioned agents in connection with same, have been previously established. *See, e.g. Valore, et al. v. Islamic Republic of Iran, et al.*, 700 F. Supp. 2d 52, 61-66, 88-90 (D.D.C. 2010); *Estate of Heiser, et al. v. Islamic Republic of Iran, et al.*, 466 F. Supp. 2d 229, 252-55, 262-67 (D.D.C. 2006); *Peterson, et al. v. Islamic Republic of Iran et al.*, 264 F. Supp. 2d 46, 51-58 (D.D.C. 2003); *Sutherland, et al. v. Islamic Republic of*

*Iran, et al.*, 151 F. Supp. 2d 27, 45-47 (D.D.C. 2001). Dr. Patrick Clawson, an internationally-recognized terrorism expert who submitted an affidavit regarding Iran's facilitation of terrorism, its control over its aforementioned agents, and the aforementioned agents' perpetration of terrorism in *Valore* and testified regarding the same issues in the *Peterson*, *Estate of Heiser* and *Sutherland* cases, has been retained by the Plaintiffs to serve as an expert in this matter as to the same subject matter.

8. Plaintiffs have also retained, *inter alia*: Dr. Matthew Levitt to opine on Hezbollah's and the IRGC's activities in Iraq during the relevant time period.

9. Plaintiffs respectfully request a telephone or in-person conference to obtain guidance as to whether the Court prefers submission of: sworn declarations by experts, proposed findings of fact and conclusions of law, and damages assessment submitted to one or more special masters or some other approach.

Dated: September 28, 2016

                                        Respectfully submitted,

                                        OSEN LLC

                         By    /s/ Gary M. Osen
                               Gary M. Osen (DC Bar No. NJ009)
                               Ari Ungar (DC Bar No. NJ008)
                               Aaron Schlanger (DC Bar No. NJ007)
                               Naomi Weinberg (DC Bar No. NJ006)
                               Peter Raven-Hansen, Of Counsel
                               (DC Bar No. 215897)
                               120 West 45th Street, Suite 405
                               New York, NY 10036
                               (212) 354-0111

TURNER & ASSOCIATES, P.A.
C. Tab Turner
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
(501) 791-2277

Attorneys for Plaintiffs