# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| TIMOTHY KARCHER, et al.,<br>    Plaintiffs<br>    v.<br>ISLAMIC REPUBLIC OF IRAN,<br>    Defendant | Civil Action No. 16-232 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(April 19, 2017)

    Plaintiffs are the estates and families of U.S. nationals and/or members of the U.S. armed forces who bring this case under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq*., against Defendant Islamic Republic of Iran ("Iran"). Am. Compl. ¶ 1, ECF No. 8. Plaintiffs allege that Iran and its agents were complicit in the deaths and maiming of these U.S. nationals and service members in Iraq from 2004 to 2011. *Id.* Presently before the Court are two motions filed by Plaintiffs regarding their efforts to effect service on Iran. *See* Pls.' Mot. in Response to this Ct.'s Nov. 15, 2016 Order, ECF No. 23 ("Pls.' First Mot."); Pls.' Mot. to Deem Dec. 18, 2016 Service on Def. as Proper Service, ECF No. 27 ("Pls.' Second Mot."). These motions are uncontested as Iran has failed to appear in this action to contest service, or otherwise, despite Plaintiffs' diligent efforts to serve Defendant with the First Motion, as mandated by the Court's November 15, 2016 Order, ECF No. 22.

    The FSIA sets forth the requirements for service on a foreign state such as Iran. 28 U.S.C. § 1608(a); Fed. R. Civ. P. 4(j)(1). Under the FSIA, there are four methods of effecting service, which are set forth in descending order of preference. First, service may be effected "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 18 U.S.C. § 1608(a)(1). Second, service may be accomplished "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2). Third, if service cannot be made by the first two methods, service may be accomplished

> by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

*Id.* § 1608(a)(3). Fourth, if service cannot be made "within 30 days" pursuant to the third method, service can be effected through the Department of State, which transmits the summons and complaint to the foreign state via diplomatic channels. *Id.* § 1608(a)(4).

On April 6, 2016, Plaintiffs contacted the Clerk of Court requesting that service of process be effected on Iran pursuant to section 1608(a)(4). They represented that service was not feasible pursuant to sections 1608(a)(1) and 1608(a)(2) as there is no special arrangement for service between the United States and Iran, nor is service permitted on Iran pursuant to any applicable international convention on service of documents. Letter to Angela D. Caesar, Clerk of Court, ECF No. 13. Moreover, Plaintiffs posited that "although 28 USC § 1608(a)(3) generally requires a party suing a foreign government under the Foreign Sovereign Immunities Act to attempt service through mail before requesting service through diplomatic channels," Plaintiffs were not obligated to proceed first under section 1608(a)(3) because Iran has repeatedly refused to accept service of process by mail. *Id*. In support of this contention, Plaintiffs cited the *Attorney Manual for Service of Process on a Foreign Defendant* ("Attorney Manual"), published by the United States District Court for the District of Columbia, which instructs that with respect to Iran and Iraq, "it is okay for an attorney to request service directly through diplomatic channels . . . without attempting service under any other provisions first." *Id*.; *see also* Att'y Manual § I(B)(11)(f) (Mar. 2016 Ed.). Notwithstanding this language in the Attorney Manual, however, the Court recently held that service can be attempted under section 1608(a)(4) only after plaintiffs attempt and fail to effect service within 30 days under section 1608(a)(3). *See Estate of Hirshfeld v. Islamic Republic of Iran*, No. CV 15-1082 (CKK), 2017 WL 361062, at *2 (D.D.C. Jan. 25, 2017) (Kollar-Kotelly, J.). In reaching that conclusion, this Court noted that the United States Court of Appeals for the District of Columbia Circuit has repeatedly held that "[w]hen serving a foreign sovereign, strict adherence to the terms of 1608(a) is required." *Id*. (citing *Barot v. Embassy of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015)) (internal quotation marks omitted). Consequently, as Plaintiffs did not attempt service pursuant to section 1608(a)(3) *prior to* attempting service pursuant to section 1608(a)(4), their motion to deem service effective must be denied to the extent it is predicated on section 1608(a)(4).

Reaching this conclusion, however, does not end the Court's inquiry. As noted above, this Court ordered Plaintiffs to "make diligent efforts to serve Defendant" with their First Motion. November 15, 2016 Order, ECF No. 22. In the course of doing so, Plaintiffs requested that the Clerk of Court effect service upon Iran pursuant to section 1608(a)(3) with a copy of the summons, complaint, and notice of suit, all translated into Farsi (the official language of Iran), as well as with Plaintiff's First Motion and the Court's November 15, 2016 Order. November 29, 2016 Letter to Angela D. Caesar, Clerk of Court, ECF No. 24. In particular, Plaintiffs requested that the Clerk of Court use a DHL package and waybill provided by Plaintiffs to transmit the aforementioned documents to the Iranian Minister of Foreign Affairs, at the Ministry of Foreign Affairs of Iran, located on Khomeini Avenue in Tehran, Iran. *Id*. Accordingly, the Clerk of Court issued a Certificate of Mailing on December 1, 2016, which indicated that it had mailed "[o]ne copy of the summons, complaint and notice of suit, together with a translation of each into the official language of the foreign state, by DHL, to the head of the ministry of foreign affairs, pursuant to the provisions of 28 U.S.C. § 1608(a)(3)." ECF No. 26. The Certificate of Mailing attached a Confirmation from DHL, which indicated that the carrier would retrieve the package on December 1, 2016, and included a confirmation number. *Id*. According to a printout from the DHL website,

accessed on December 19, 2016, the package mailed by the Clerk of Court to the Iranian Ministry of Foreign Affairs was delivered in Tehran on December 18, 2016. Pls.' Second Mot., Ex A. According to that printout, the package was signed for by "DABIRKHONEH." In addition, Plaintiffs have provided the Court with a DHL proof of delivery, which they represent, under penalty of perjury, pertains to the package mailed by the Clerk of Court. *Id*., Attach. 1, Aff. of Aaron Schlanger. That proof of delivery, like the DHL website printout, indicates that the package was delivered on December 18, 2016 in Tehran, Iran, and that it was signed for by "DABIRKHONEH." *Id*., Ex. B. The proof of delivery also includes a copy of that individual's signature. *Id*.

Plaintiffs subsequently filed their Second Motion, wherein they ask the Court to treat the DHL delivery on December 18, 2016 as effective service pursuant to section 1608(a)(3). In this instance, the Court agrees that Plaintiffs have perfected service on Iran. As an initial matter, "no special arrangements for service exist between Iran and the plaintiffs, nor is Iran a party to any applicable international convention on service of judicial documents." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 70 (D.D.C. 2010); *see also Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 18 (D.D.C. 2016) (same). Accordingly, Plaintiffs were permitted by statute to serve Iran by mail pursuant to section 1608(a)(3). They have complied with the dictates of that section as they: (i) had the Clerk of Court dispatch; (ii) a copy of the summons, complaint, and a notice of suit; (ii) all translated into Farsi, the official language of Iran; (iii) by DHL, which is a form of mail requiring a signed receipt; (iv) to the Iranian Ministry of Foreign Affairs; and (v) that package was delivered and signed for at the destination address, as evidenced by a signed proof of delivery. *See Foley v. Syrian Arab Republic*, Civil Action No. 11-699 (CKK), Mem. Op. and Order, at 7, ECF No. 51 (Jan. 21, 2016) (Kollar-Kotelly, J.) (concluding that plaintiffs had effected service on Syria pursuant to section 1608(a)(3) after the Clerk of Court dispatched the summons, complaint, and notice of suit to the Syrian Ministry of Foreign Affairs, and the package was signed for at its destination, as evidenced by the DHL tracking log and proof of delivery). The Court notes that this is not a case where, as is often the case, plaintiffs have attempted to deliver documents to the foreign state only to have the package declined at its destination, and service to thereby be deemed ineffective. *See, e.g.*, *Haim v. Islamic Republic of Iran*, 902 F. Supp. 2d 71, 73 (D.D.C. 2012) (finding that service on Iran pursuant to section 1608(a)(3) was defective because delivery of the service package was rejected at the destination address). In this case, the Court has no reason to doubt that the translated summons, complaint, and notice of suit were mailed, delivered, and accepted by an individual at the Iranian Ministry of Foreign Affairs. Accordingly, the Court concludes that Plaintiffs have effected service upon Iran pursuant to section 1608(a)(3).

\* \* \*

For the foregoing reasons, the Court **DENIES** Plaintiffs' First Motion, which seeks to deem service effective pursuant to section 1608(a)(4), but **GRANTS** Plaintiffs' Second Motion, which seeks to deem service effective pursuant to section 1608(a)(3). Accordingly, Iran is deemed to have been served on December 18, 2016. 28 U.S.C. § 1608(c)(2) ("Service shall be deemed to have

been made . . . as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.").

Iran was required to answer or otherwise respond to the Amended Complaint by February 16, 2017. 28 U.S.C. § 1608(d) ("a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section"). Having failed to do so, Plaintiffs rightfully moved for default on February 24, 2017, ECF No. 28, and the Clerk of Court entered default against Iran on February 27, 2017, ECF No. 30.

Accordingly, concurrent with the filing of this Memorandum Opinion and Order, the Court shall issue a Scheduling Order governing further proceedings in this matter in a default setting.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge