UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY KARCHER, *et al.*,
      Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,
      Defendant.

Civil Action No. 16-232 (CKK)

## MEMORANDUM OPINION AND ORDER
(November 28, 2018)

The Court has received Plaintiffs' [61] Motion to Admit Certain Exhibits as Evidence Before Trial, to Admit Expert Reports Before Trial, and to Take Judicial Notice of Certain Findings in *Fritz v. Islamic Republic of Iran* ("Pls.' Mot."). The Court issued a separate Order regarding the first part of Plaintiffs' [61] Motion, which concerns pre-admission of certain exhibits. The Court now turns to the remainder of the motion, regarding pre-admission of expert reports and judicial notice of certain findings.

### **Expert Reports**

Plaintiffs' authority for urging admission of expert reports is that other courts have done so in prior Foreign Sovereign Immunities Act ("FSIA") cases. *See* Pls.' Mot. at 12-13 (collecting cases). While this Court may agree that the reports should be admitted, the Court is not persuaded that such authority supports admission before trial. Accordingly, the Court **DENIES** that portion of Plaintiffs' [61] Motion seeking pre-admission of expert reports.

The author of each of the proffered expert reports is scheduled to testify at trial. Accordingly, Plaintiffs may ask the respective experts at the beginning of their trial testimony whether they adopt the facts and conclusions in their reports. If Plaintiffs lay that additional foundation, then the Court will be persuaded to admit the reports.

### **Judicial Notice**

Plaintiffs request judicial notice of three specific paragraphs of Judge Randolph Moss's opinion in *Fritz v. Islamic Republic of Iran*, 320 F. Supp. 3d 48 (D.D.C. 2018):[1]

---

[1] The Court assumes that Plaintiffs' request for judicial notice only of this material in *Fritz* supplants their request, earlier in these proceedings, for broader notice of findings in a variety of other cases. *See* Br. on Jurisdiction and Judicial Notice of Facts, ECF No. 37, at 5-10. The Court's own prior Order seems to have dissuaded them. *See* Pretrial Scheduling and Procedures Order, ECF No. 39, at 1 (observing that the Court's hearing would "involve [its] determination of whether to take under judicial notice certain facts proposed by Plaintiffs, as well as its

1

- "On January 20, 2007, the U.S. forces at the Karbala PJCC included the 1st Platoon, A Battery, 2d Battalion, 377th Parachute Field Artillery Regiment. At that time, the platoon's mission was to help the provincial government plan security for an upcoming religious event that was expected to draw more than ten million pilgrims. The 1st Platoon was led by First Lieutenant Jacob Fritz and included, among others, Specialist Johnathan Bryan Chism and Private First Class Shawn Falter. As platoon leader, Fritz was responsible for interacting with elected and religious officials who 'would come to the PJCC to speak with the governing body of the PJCC.' He lived and worked out of a small, courtyard-facing room at the front of the main building along with Captain Brian Freeman. Chism and Falter, meanwhile, worked rotating guard shifts, helping the Iraqi police secure the PJCC." *Id.* at 65 (internal citations and footnote omitted).[2]

- "The Court, accordingly, finds that Fritz, Chism, and Falter were each shot, beaten, and subsequently executed. Although it is possible that many of the contusions on the victim's [sic] bodies were received in the course of the abduction, the evidence that both Fritz and Chism were kicked in the face, along with the extensive nature of the injuries all three sustained, supports a finding that the victims were severely beaten while in captivity." *Id.* at 70 (internal citation omitted).

- "AAH repeatedly claimed responsibility for the Karbala attack. First, the group produced and published a video titled 'The General's Downfall,' which contains footage of the PJCC, displays the photographs of the U.S. soldiers who were killed, and 'claims [the attack] as one of [its] successes.' This video was admitted into evidence based on testimony from Dr. Gartenstein-Ross, describing internal and external indicia that it was produced by AAH. As Dr. Gartenstein-Ross explained, the video served multiple purposes; it helped 'rally[ ] popular support with AAH portraying itself as being at the forefront of the resistance,' and it 'show[ed] value to their sponsors[,] like Iran, that they[ ] [were] carrying out these attacks.'" *Id.* at 71 (internal citations omitted; alterations in original).

Evidently Plaintiffs seek such notice because their trial presentation of the attack at issue in *Fritz* will be limited, consisting mostly, if not exclusively, of "independent evidence to establish Iran's legal responsibility for the attack." Pls.' Mot. at 14.

Under Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "This ability to take notice of adjudicative facts extends to judicial notice of court records in related proceedings." *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010) (citing, e.g., *Booth v. Fletcher*, 101 F.2d 676, 679 n.2 (D.C. Cir. 1938)); *see also Han Kim v. Democratic People's Republic of*

---

evaluation of additional evidence as needed to connect those facts with the claims of specific Plaintiffs" (citation omitted)). The Court considers the present Order as resolving the question of what judicial notice it will take in this case.

[2] Plaintiffs did not expressly observe that they omitted a footnote from the *Fritz* opinion.

*Korea*, 774 F.3d 1044, 1049 (D.C. Cir. 2014) (FSIA decision citing approvingly district court's judicial notice of foreign court judgment pursuant to Rule 201); *Owens v. Republic of Sudan*, 864 F.3d 751, 789 (D.C. Cir. 2017) (recognizing judicial notice in *Kim*). "Because of the multiplicity of FSIA-related litigation in this jurisdiction, Courts in this District have thus frequently taken judicial notice of earlier, related proceedings." *Id.* Specific to the request here, "when a court has found facts relevant to a FSIA case involving material support to terrorist groups, courts in subsequent, related cases may 'rely upon the evidence presented in earlier litigation . . . without necessitating the formality of having that evidence reproduced.'" *Harrison v. Republic of Sudan*, 882 F. Supp. 2d 23, 31 (D.D.C. 2012) (quoting *Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 7 (D.D.C. 2011)). Moreover, courts have taken notice of facts found in earlier proceedings in this District even when those proceedings have taken place in front of a different judge. *See Brewer v. Islamic Republic of Iran*, 664 F. Supp. 2d 43, 54 (D.D.C. 2009) ("[r]elying on the pleadings and the . . . findings of other judges in this jurisdiction").

"At the same time, taking *notice* of another court's finding of fact does not necessarily denote *adoption* or *finding* of that fact." *Harrison*, 882 F. Supp. 2d at 31. Instead, "courts in subsequent related cases [may] rely upon the evidence presented in earlier litigation," but must still "reach their own, independent findings of fact in the cases before them." *Rimkus*, 750 F. Supp. 2d at 172; *see also Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 59 (D.D.C. 2010) ("The taking of judicial notice of the *Peterson* opinion, therefore, does not conclusively establish the facts found in *Peterson* for, or the liability of the defendants in, this case. . . . In rendering default judgment against defendants, the Court was . . . required to, and did, find facts and make legal conclusions anew.").[3]

The Court determines that the specified *Fritz* findings are relevant to this FSIA case and, crucially, reliance upon them will not supplant the Court's obligation to make independent findings in this case. The Karbala attack at issue in *Fritz* is among those going to trial in this case, but the plaintiffs are unique. This case involves different soldiers who were killed or injured in the same attack, together with their family members. Of the three paragraphs that Plaintiffs seek to judicially notice, the first two expressly focus only on the plaintiffs in *Fritz*, with one exception. The first paragraph briefly refers to the late Captain Brian Freeman, whose estate is a Plaintiff in this case. The third paragraph is not explicitly limited to the *Fritz* plaintiffs, nor does it refer by name to Plaintiffs in this case. Notwithstanding the differences in plaintiffs, however, all three paragraphs help to depict the basic story of the Karbala attack. Rather than require "the formality of having that evidence reproduced," the Court shall take

---

[3] A sister court in this Circuit observed, in an FSIA decision in 2010, that the Court of Appeals had "not directly considered whether and under what circumstances a court may judicially notice the *truth* of [findings of fact and conclusions of law in related cases]," but the same court determined that other Circuits do *not* automatically treat such findings as indisputable. *Murphy*, 740 F. Supp. 2d at 58 (citing, e.g., *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-30 (5th Cir. 1998)). Subsequently, our Court of Appeals in *Kim* and *Owens* recognized the judicial notice of a foreign court judgment taken by the trial court in *Kim*, without delineating standards for future trial courts to make similar decisions. This Court shall remain on safe ground when it takes judicial notice of factual findings in *Fritz* but acknowledges its obligation to make independent findings of fact and law necessary to support its decision. The Court shall discharge that obligation after the upcoming trial in this matter.

3

notice of the above-described factual findings in *Fritz*, consider the evidence presented at the upcoming trial, and independently reach factual and legal conclusions necessary to decide this case. *Harrison*, 882 F. Supp. 2d at 31 (internal quotation marks omitted).

Accordingly, in an exercise of its discretion, the Court **GRANTS** that portion of Plaintiffs' [61] Motion requesting judicial notice of the three specific paragraphs in *Fritz*. As stated above, although the Court shall consider these findings, it must make its own independent findings when deciding whether Plaintiffs have proven their case. Plaintiffs should bear this in mind as they determine what is necessary to present at trial to establish that they are entitled to recovery.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge