## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------x
TIMOTHY KARCHER, et al.,                 :
                                         :        **Case No. 16-cv-232 (CKK)**
                        Plaintiffs,      :
                                         :
            -against-                    :
                                         :
ISLAMIC REPUBLIC OF IRAN,                :
                                         :
                        Defendant.       :
-----------------------------------------------------x
```

## PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
## <u>REGARDING NICHOLAS BAUMHOER'S ECONOMIC DAMAGES</u>

## INTRODUCTION

Pursuant to the Court's January 7, 2021 Order, ECF No. 119 (requiring submission by February 1, 2021 of any evidence of the economic damages claimed by the individual Plaintiffs listed in the Court's January 5, 2021 Minute Order), Plaintiffs respectfully submit the following Proposed Findings of Fact and Conclusions of Law as to the economic injuries sustained by Plaintiff Nicholas Baumhoer.

### A. SUPPORTING DOCUMENTATION

1. Appraisal of Present Value of Economic Life of Nicholas Baumhoer, dated January 15, 2021, prepared by L. Wayne Plumly, Jr., Ph.D. ("Exhibit A").
2. Resume of L. Wayne Plumly, Jr., Ph.D. ("Exhibit B").
3. Declaration of Nicholas Baumhoer, dated January 12, 2021 ("Exhibit C").

### B. SUMMARY OF CLAIM

Mr. Baumhoer seeks compensation for economic losses in the form of lost wages, benefits, and retirement pay. *See* 28 U.S.C. § 1605A(c) ("damages may include economic damages"). To support his claims for these economic losses, Plaintiffs submit an expert report prepared by L. Wayne Plumly, Jr., Ph.D. *See* Exhibit A. Dr. Plumly served as Professor of Economics at Langdale College of Business at Valdosta State University in Valdosta until 2005, and as Dean until 2020. He has previously provided expert reports regarding economic losses in similar § 1605A cases. *See Relvas v. Iran*, No. 14-cv-01752 (RCL) (D.D.C. Nov. 27, 2017) (ECF No. 50) (economic loss calculations accepted by special master and awarded by Court), and *John Doe A-1 to A-49 v. Democratic People's Republic of Korea*, No. 18-cv-00252 (DLF) (D.D.C. Sept. 13, 2019) (ECF Nos. 70-4) (economic loss calculations accepted by special master as described in Plaintiffs' Motion for Partial Final Default Judgment, ECF No. 97 at 11-12, and pending an order by the Court).

To project Mr. Baumhoer's future income stream if not for the attack, Dr. Plumly incorporated testimonial evidence that Mr. Baumhoer wished to pursue a military career and overlaid that information against statistical data generated by the Bureau of Labor Statistics ("BLS"), the Department of Labor, reliable military pay websites, and other sources. *See* Ex. A at 3. From these sources, Dr. Plumly calculated the present value of Mr. Baumhoer's lost income, assuming that Mr. Baumhoer: (1) who was 20 years old when he was injured, would have remained in the military for 20 years had he not been injured; (2) had a life expectancy of 78.73 years; (3) would have received an annual military pension of $37,464.37, adjusted annually by 2.165%, the percent change in the Consumer Price Index; (4) would have received full pension benefits at retirement; and (5) would have begun collecting Social Security Retirement ("SSR") benefits at age 67, which would have maximized his return. *See id.* at 3, 7. Dr. Plumly then adjusted these income figures for taxes and consumption, adjusted the SSR benefits for inflation, and adjusted the total lost earnings, pension benefits, and SSR benefits to present value at a rate of 2.10%, the average yield of high-grade municipal bonds in September 2020. *See id.* at 5.

Dr. Plumly then compared that income stream of $1,443,920.76 (present value of past net annual income plus the present value future net annual income) against what Mr. Baumhoer actually earned, and is projected to earn, after completing his active-duty service early on September 30, 2011, having lost hearing and vision as a result of his attack, as well as being diagnosed with a mild TBI. *See id.* at 3, 6. Dr. Plumly relied on testimony describing how Mr. Baumhoer joined the National Guard to finish up his Army contract and was also employed in the civilian sector performing several distinct jobs from 2011-20, and calculated his past earnings based on Mr. Baumhoer's testimony. *See id.* at 4. Dr. Plumly then adjusted those past earnings to present value and also adjusted his future lost income by 2.815%, the average annual percent

change in the hourly wages of production and nonsupervisory employees from 2000-19, provided by BLS. *See id.* Adjusted for taxes, consumption, and benefits, Dr. Plumly calculated Mr. Baumhoer's actual income stream as $744,925.29 (present value of past net annual income plus the present value of future net annual income). *See id.* at 6.

## CONCLUSION

The difference between the two calculations reflects Mr. Baumhoer's present economic claim: **$698,995.47**. *See id.* This amount constitutes Mr. Baumhoer's requested economic damages in this case.


Dated: February 1, 2021

Respectfully submitted,

OSEN LLC

By   /s/ Dina Gielchinsky
Dina Gielchinsky (DC Bar No. NJ011)
Gary M. Osen (DC Bar No. NJ009)
Ari Ungar (DC Bar No. NJ008)
Michael J. Radine (DC Bar No. NJ015)
2 University Plaza, Suite 402
Hackensack, NJ 07601
Tel. (201) 265-6400

TURNER & ASSOCIATES, P.A.
C. Tab Turner
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Tel. (501) 791-2277

Attorneys for Plaintiffs