IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------x
TIMOTHY KARCHER, et al., :
: Case No. 16-cv-00232 (CKK)
               Plaintiffs, :
:
  -against- :
:
ISLAMIC REPUBLIC OF IRAN, :
:
               Defendant. :
---------------------------------------------------------x

**PLAINTIFFS' MOTION FOR THE APPOINTMENT OF
FIVE ADDITIONAL SPECIAL MASTERS**

Plaintiffs respectfully move this Court to appoint the following five Special Masters pursuant to Federal Rule of Civil Procedure 53 and 28 U.S.C. § 1605A(e)(1): Eugene R. Fidell, Esq.; Jim Letten, Esq.; Jack McKay, Esq.; Franklin D. Rosenblatt, Esq., and Shana Solomon, Esq. (the "Proposed Special Masters").

**I.    The Proposed Special Masters Are Ready to Commence Damages Recommendations**

Following this Court's January 14, 2021, Order granting default judgment to 42 Plaintiffs implicated in 73 attacks ("73 Attacks"),[1] ECF No. 122, Plaintiffs respectfully move to appoint the Proposed Special Masters to issue Reports and Recommendations for damages for 227 family

---

[1] On September 9, 2019, the Court appointed Mr. Alan L. Balaran as Special Master to issue a report and recommendation ("R&R") concerning the damages of all Plaintiffs implicated in the seven bellwether attacks that were the focus of the December 2018 bench trial. ECF No. 102. On January 14, 2021, the Court appointed Mr. Balaran to issue an R&R regarding non-economic damages for eight non-bellwether Plaintiffs injured in the 73 Attacks. ECF No. 125. On February 5, 2021, the Court directed Mr. Balaran to include the economic damages for one of those eight non-bellwether Plaintiffs in his R&R. ECF No. 128. Thus far, Mr. Balaran has not made any of these submissions.

member Plaintiffs and Plaintiff estates of decedents implicated in the 73 Attacks (the "227 Plaintiff Group").[2]

Plaintiffs' counsel have asked each Proposed Special Master for his or her respective capacity to submit recommendations to the Court within a six-month period. Based on those responses, Plaintiffs have divided the 227 Plaintiff Group such that each Proposed Special Master will be allotted the number he or she can reasonably review within a six-month period, while also keeping families grouped together.

The claims that these Proposed Special Masters would assess, which comprise (i) solatium claims by family member Plaintiffs and (ii) conscious pain and suffering and economic loss claims of estates, are in no way affected by Special Master Alan L. Balaran's impending recommendations regarding the framework proposed by Plaintiffs for victims injured in EFP attacks.

Instead, these claims may be adjudicated within the existing framework already developed and utilized frequently in this District. *See, e.g.*, *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269, 318 (D.D.C. 2006) (establishing framework for solatium claims); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010) (adopting the *Heiser* framework); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 234 (S.D.N.Y. 2003), *amended*, 2003 WL 23324214 (S.D.N.Y. May 19, 2003) (awarding $1 million to estates for "moments" of conscious pain and suffering); *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 113 (D.D.C. 2000) (same).[3]

---

[2] Plaintiffs have identified a small number of estates connected to the 73 Attacks that are not ripe for submission to the Proposed Special Masters. When the issues currently precluding their being addressed have been resolved, Plaintiffs can provide those damages submissions to the Special Master ultimately appointed for the remaining Plaintiffs whose attacks were not encompassed in the bellwether or 73 Attacks and have not yet been adjudicated.

[3] Plaintiffs' forensic economic experts have each previously provided expert reports which were adopted in similar terrorism cases. *See, e.g.*, economic losses calculated by Steven A. Wolf,

Plaintiffs are prepared to commence the process of making damage submissions to the Proposed Special Masters for the 227 Plaintiff Group promptly upon this Court's Order appointing them. The Proposed Special Masters have stated that they will submit reports and recommendations to the Court within six months of receiving Plaintiffs' submissions.

## II. The Proposed Special Masters' Appointments Are Warranted Under Federal Rule of Civil Procedure 53

Federal Rule of Civil Procedure 53(a)(1) permits the appointment of Special Masters if appointment is warranted by, *inter alia*, "the need to perform an accounting" or to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(B)(ii) and (C).

Both of these circumstances are satisfied here. The assessment of damages for this large volume of Plaintiffs comprises an accounting, which will involve a considerable volume of damages assessments, and it would be impracticable for the Court (or a magistrate judge) to have to review all damages submissions and determine all of the damages itself.

## III. The Proposed Special Masters Are Qualified Under Federal Rule of Civil Procedure 53

Rule 53(a)(2) states that a Special Master "must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification."

---

CPA, CFE, ABV/CFF, ASA in *Owens v. Republic of Sudan*, 71 F. Supp. 3d 252, 258-59 (D.D.C. 2014); *Doe v. Islamic Republic of Iran*, Civ. No. 08-0540 (D.D.C. May 9, 2013) (JMF) (JDB) (ECF No. 107); *Pugh v. Socialist Peoples' Libyan Arab Jamahirya*, 530 F. Supp. 2d 216, 263 (D.D.C. 2008); and *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 116 (D.D.C. 2005); and economic losses calculated by L. Wayne Plumly, Jr., Ph.D. in *Relvas v. Iran*, No. 14-cv-01752 (RCL) (D.D.C. Feb. 28, 2018) (ECF No. 83); and *John Doe A-1 to A-49 v. Democratic People's Republic of Korea*, No. 18-cv-00252 (DLF) (D.D.C. Feb. 24, 2021) (ECF No. 108).

As demonstrated in the attached declarations of each of the Proposed Special Masters, none of them has any conflicts that would preclude their serving as a Special Master under 28 U.S.C. § 455, and each has agreed to abide by the [Proposed] Administrative Plan Governing Special Masters, attached as **Exhibit A**. *See* Declaration of Eugene R. Fidell ("Fidell Decl.") (**Exhibit B**), ¶¶ 1-2; Declaration of Jim Letten, Esq. ("Letten Decl.") (**Exhibit C**), ¶¶ 1-2; Declaration of Jack McKay, Esq. ("McKay Decl.") (**Exhibit D**), ¶¶ 1-2; Declaration of Franklin D. Rosenblatt, Esq. ("Rosenblatt Decl.") (**Exhibit E**), ¶¶ 1-2; and Declaration of Shana Solomon, Esq. ("Solomon Decl.") (**Exhibit F**), ¶¶ 1-2.

Moreover, each Proposed Special Master is well qualified and capable of recommending solatium damages in this action by virtue of his or her respective legal background. A short summary of each of their CVs (attached to their respective declarations) follows:

- Eugene R. Fidell, Esq. is an Adjunct Professor at NYU School of Law, a Senior Research Scholar at Yale Law School, and Of Counsel at the Washington, D.C. law firm of Feldesman Tucker Leifer Fidell LLP. He graduated from Harvard Law School in 1968, and he is a Life Member of the American Law Institute. Mr. Fidell served as a Judge Advocate in the U.S. Coast Guard from 1969-1972. He has served on many legal panels, advisory committees, and boards in various areas, and he has published extensively on a broad range of legal issues. *See* Fidell Decl., ¶¶ 5-9.

- Jim Letten, Esq. is a partner in the firm of Butler Snow LLP in its New Orleans office. His areas of practice include white collar, compliance, government investigations, and military and national security law. He also consults and provides representation on criminal and regulatory investigations by regulatory agencies, and he served as a court-appointed Deputy Monitor pursuant to a City of Memphis/Memphis Police Department Federal Consent Decree. Mr. Letten graduated from Tulane University School of Law in 1979. He served as U.S. Attorney for the Eastern District of Louisiana for more than 11 years, resigning in December 2012 as the longest-serving U.S. Attorney in the country. Mr. Letten served for 30 years with the Department of Justice. After leaving the U.S. Attorney's Office, he joined Tulane University of Law as an Assistant Dean. *See* Letten Decl., ¶¶ 5-9.

- Jack McKay, Esq. serves as an arbitrator under the auspices of the American Arbitration Association, and lectures on international arbitration conducted

under the rules of the International Chamber of Commerce and other dispute resolution rules. He is a retired senior partner of Pillsbury Winthrop Shaw Pittman LLP's D.C. office with over 40 years of legal experience. While he was a partner at Pillsbury, Mr. McKay's practice areas included commercial litigation and international arbitration. He graduated from the University of Virginia School of Law in 1970 and received his LLM from The George Washington University Law School in 1974. *See* McKay Decl., ¶¶ 5-8.

- Franklin D. Rosenblatt, Esq. is an Assistant Professor at the Mississippi College School of Law, where he focuses on criminal law and international criminal law. He graduated from the University of Virginia School of Law in 2006. Mr. Rosenblatt served in the U.S. Army Judge Advocate General's Corps as a prosecutor, legal advisor, and defense attorney for over 12 years. As a prosecutor, he tried dozens of international, financial, and violent crimes cases to verdict, including in the Iraqi court system. As a defense attorney, Mr. Rosenblatt served as lead military defense counsel for Sergeant Bowe Bergdahl in the most publicized court-martial in American history. Afterward, he practiced in the commercial litigation group of Butler Snow LLP's Jackson, Mississippi office. *See* Rosenblatt Decl., ¶¶ 5-9.

- Shana Solomon, Esq. is a Director at Preti, Flaherty, Beliveau & Pachios LLP. In that capacity, she is involved in all aspects of civil litigation, including trial, arbitration, and mediation, in both federal and state courts. She has had extensive experience evaluating physical injuries and medical data in the context of medical malpractice cases, including defending health care professionals at trial, at panel hearings, and before medical malpractice tribunals. Ms. Solomon graduated from Boston College Law School in 2005. *See* Solomon Decl., ¶¶ 5-8.

### IV.   Powers and Duties

The Proposed Special Masters would consider the threshold matter of each of the 227 Plaintiff Group's statutory standing under 28 U.S.C. § 1605A(c) (creating a "private right of action" for any national of the United States, member of the U.S. armed forces, or U.S. government employee or contractor acting within the scope of the employee's employment).[4]

---

[4] Courts frequently instruct plaintiffs to submit evidence as to their statutory standing pursuant to 28 U.S.C. § 1605A(c) to a special master. *See, e.g.*, Order Adopting the Administrative Plan, *Sheikh v. Republic of the Sudan*, No. 14-cv-2090 (JDB), at 6 (D.D.C. Aug. 29, 2019), ECF No. 44 ("The reports shall include recommended findings of fact and conclusions of law on the issue of standing."); Order of Reference, *Bova v. Islamic Republic of Iran*, No. 15-cv-01074 (RCL), ¶ 2 (D.D.C. Feb. 28, 2018), ECF No. 33 ("In addition to satisfying the obligations imposed

The Proposed Specials Masters would then consider all issues related to compensatory damages as to each claim made by the 227 Plaintiff Group (punitive and other damages issues would be decided by this Court at a later stage). As indicated above, the Proposed Special Masters would be guided in reviewing and evaluating damage claims by the framework set forth in *Estate of Heiser*, *Valore*, and other major Terrorism Exception cases.

A proposed allocation of Plaintiffs to each Proposed Special Master is set forth in **Exhibit G**. This reflects Plaintiffs' effort to distribute the workload among the Proposed Special Masters in a manner that groups families together and facilitates efficient assessments of their submissions.

The Proposed Special Masters would have authority to exercise all powers set forth in Rule 53(c), including but not limited to, if conducting an evidentiary hearing, exercising the Court's power to compel, take, and record evidence. Testimony would be received by sworn affidavits. All of Plaintiffs' evidence would be preserved by their counsel, who would retain it for use by the Court.

As to the admissibility of evidence, the Proposed Special Masters would be guided by the Federal Rules of Evidence, but would not be required to qualify documents as genuine pursuant to Fed. R. Evid. 901—authentication would be satisfied where documents are proffered by Plaintiffs' counsel's representations as officers of the Court that a document is an accurate copy of what counsel proffers it to be. *See* ECF No. 102 (setting forth similar guidance when appointing Mr. Balaran). Moreover, the Proposed Special Masters should be guided by the opinion of the United

---

by the Administrative Plan, Mr. Balaran shall … take evidence and report on each plaintiff's qualification for relief under Section 1605A(c)."); Order Appointing Special Master, *Kaplan v. Hezbollah*, No. 09-cv-00646 (RCL), at 2 (D.D.C. Oct. 1, 2014), ECF No. 58 ("in addition to satisfying the obligations imposed on Mr. Balaran by the Administrative Plan, Mr. Balaran shall take and report on evidence of each plaintiff's qualification for relief under § 1605A(c) and the familial relationships between plaintiffs and victims").

States Court of Appeals for the D.C. Circuit in *Owens v. Republic of Sudan*, 864 F.3d 751 (D.C. Cir. 2017), *vacated and remanded sub nom. on other grounds, Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020), with respect to the admissibility and consideration of evidence in terrorism cases under the FSIA when defendants fail to appear and thereby default.

V.     *Ex Parte* **Communications**

The Proposed Special Masters should be permitted to engaged in *ex parte* communications with the Court or with Plaintiffs or their counsel to the extent that they determine it is reasonable and facilitates the efficient and/or economical resolution of their duties.

VI.    **Reports**

The Proposed Special Masters would submit Reports and Recommendations to the Court via ECF regarding each implicated Plaintiff's damages claims, which would recommend findings of fact and conclusions of law regarding each item of compensatory damages.

Pursuant to Rule 53(f)(2), any party may file an objection to the contents of any Report and Recommendations by the Proposed Special Masters within 21 calendar days of the date it was electronically filed. As provided in Rule 53(f)(3) and (4), the Court would decide *de novo* all objections to findings of fact or conclusions of law made or recommended by the Proposed Special Masters. As provided in Rule 53(f)(5), the Court would set aside a ruling by the Proposed Special Masters on a procedural matter only for an abuse of discretion.

VII.   **Compensation**

The FSIA provides for payment of special masters pursuant to 28 U.S.C. § 1605A(e)(2), which states: "The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. § 10603c [recodified at 34 U.S.C. § 20106(b)]), to the Administrator of the United States district court in which any case is pending

which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1)." In turn, 34 U.S.C. § 20106(b) provides that the Director of the Office for Victims of Crime "may use the emergency reserve referred to in section 20101(d)(5)(A) of this title to carry out a program to compensate victims of acts of international terrorism that occur outside the United States for expenses associated with that victimization."

Each day a Proposed Special Master works for an amount of time greater than zero but less than or equal to four hours, he or she shall be paid $600.00. Each day a Proposed Special Master works for an amount of time greater than four hours, he or she shall be paid $1,200.00. The Proposed Special Masters shall also be paid for reasonable business expenses, which shall be limited to $50.00 per day (excluding transportation expenses) such expenses are incurred. In addition, the Proposed Special Masters shall be paid for reasonable transportation expenses, if any, incurred. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

Within three weeks of the entry of any damages award issued by the Court in relation to a Report and Recommendation for one or more of the 227 Plaintiff Group, the Proposed Special Masters shall provide Plaintiffs' counsel with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expense incurred. Such vouchers shall also include a calculation of total pay sought. Within three weeks of receiving any such voucher, Plaintiffs shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the Office for Victims of Crime. Plaintiffs shall append any such vouchers to any such motions.

## VIII. Conclusion

WHEREFORE, and for the foregoing reasons, Plaintiffs respectfully request that this motion be granted, and that the Court so-order the [Proposed] Administrative Plan Governing Special Masters.

Dated: December 22, 2021

                                                  Respectfully submitted,

                                                  OSEN LLC

By:   /s/ Gary M. Osen
       Gary M. Osen (DC Bar No. NJ009)
       Ari Ungar (DC Bar No. NJ008)
       Dina Gielchinsky (DC Bar No. NJ011)
       190 Moore Street, Suite 272
       Hackensack, NJ 07601
       (201) 265-6400

       TURNER & ASSOCIATES, P.A.
       C. Tab Turner
       4705 Somers Avenue, Suite 100
       North Little Rock, AR 72116
       (501) 791-2277

       Attorneys for Plaintiffs