```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
---------------------------------------------------------x
TIMOTHY KARCHER, et al.,                 :
                                         :    Case No. 16-cv-00232 (CKK)
                        Plaintiffs,      :
                                         :
        -against-                        :
                                         :
ISLAMIC REPUBLIC OF IRAN,                :
                                         :
                        Defendant.       :
---------------------------------------------------------x
```

**PLAINTIFFS' MOTION TO MODIFY THE COURT'S
(1) SEPTEMBER 9, 2019, ORDER AND ADMINISTRATIVE PLAN;
(2) JANUARY 14, 2021, ORDER; AND (3) FEBRUARY 5, 2021, ORDER**

For the reasons set forth below, pursuant to Fed. R. Civ. P. 53(b)(4), Plaintiffs respectfully request that the Court amend its:

- September 9, 2019, Order and Administrative Plan, ECF No. 102, wherein the Court appointed Mr. Alan L. Balaran as Special Master "to administer damages proceedings" and make reports and recommendations ("R&Rs") for the bellwether Plaintiffs, who were the focus of the December 2018 bench trial and encompassed in the Court's August 26, 2019, Memorandum Opinion, *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12 (D.D.C. 2019);

- January 14, 2021, Order, ECF No. 125, appointing Mr. Balaran to assess non-economic damages and issue R&Rs for eight non-bellwether Plaintiffs who were subsequently encompassed in the Court's January 14, 2021, Memorandum Opinion, *Karcher*, No. 16-cv-232 (CKK), 2021 WL 133507 (D.D.C. Jan. 14, 2021); and

- February 5, 2021, Order, ECF No. 128, directing Mr. Balaran to include the economic damages for one of those eight non-bellwether Plaintiffs in his R&Rs.

For the reasons detailed below, and consistent with Rule 53(a)(3)'s requirement that in appointing a Special Master, a court "must protect against unreasonable expense or delay," Plaintiffs respectfully request that the Court set a deadline of August 31, 2022, for the submission of the R&Rs.

In its April 7, 2022, Minute Order, the Court stated that the "special master has advised the Court that his report is nearing completion." Almost four months have elapsed since then (and more than two and a half years have elapsed since Mr. Balaran received Plaintiffs' submissions for the bellwether Plaintiffs).

As the Court is aware, the Plaintiffs most affected by the delay are grievously wounded veterans who sacrificed greatly for our country—at continuing substantial physical, emotional, psychological, and economic cost to themselves and their families—who have been waiting for nearly three years to obtain some measure of accountability and recognition for those sacrifices. They have already irreparably lost the opportunities to recover any compensation from the third and fourth rounds of disbursements by the U.S. Victims of State Sponsored Terrorism Fund ("USVSST Fund") since the Court's liability ruling in August 2019.

The Court's 2019 referral to Mr. Balaran included 56 Plaintiffs, only five of whom comprise surviving victims of EFP attacks for whom Plaintiffs have proposed a distinctive damages framework. The claims of the other 51 implicated Plaintiffs, including 43 family member Plaintiffs, can be assessed using preexisting damages frameworks commonly used in this District. The 2021 referral only included eight additional Plaintiffs, and Plaintiffs submitted damages evidence for them less than one week after it was requested. Mr. Balaran has at various points indicated to Plaintiffs' counsel that his work would be completed in November 2021, the end of December 2021, and the end of January 2022, but no R&Rs have been submitted.

By contrast, the 20 service members injured or killed by EFPs in *Pennington v. Islamic Republic of Iran*, No. 19-cv-796 (JEB), who first filed suit against Iran on March 21, 2019 – substantially relying on this Court's findings in this case – had their damages (as well as their family members' damages) computed in January of this year and a final judgment entered on May

3, 2022, making them eligible to participate in the next round of USVSST Fund compensation. The *Pennington* plaintiffs first filed their *liability* submissions on April 2, 2021 – *more than 18 months* after the damages claims of the *Karcher* bellwether Plaintiffs were first referred to Mr. Balaran on September 9, 2019. Similarly, in *Lee v. Islamic Republic of Iran*, No. 19-cv-830 (APM), a sister case to *Karcher* filed in 2019, the special master appointed on March 22, 2021, already issued R&Rs for four plaintiffs injured by EFPs in attacks overlapping with the *Karcher* bellwether attacks, *Lee*, ECF No. 67, as well as for the damages of 15 family members from those overlapping attacks, *Lee*, ECF No. 59. Both the *Pennington* order and the *Lee* R&Rs include the claims of family members of some of the *Karcher* Plaintiffs who have liability judgments but are still waiting for their own damages to be computed. Therefore, at the repeated express urging of several of the *Karcher* Plaintiffs themselves, Plaintiffs' counsel are compelled to proceed with this motion.

Plaintiffs note that Mr. Balaran has taken on additional R&R referrals since the initial 2019 referral in this case—and completed several of them. For example, Judge Chutkan appointed Mr. Balaran as special master in a Marine barracks bombing case on September 30, 2019, in *DiBenedetto v. Iranian Ministry of Info. & Sec.*, No. 16-cv-02429 (TSC), 2019 WL 4860778 (D.D.C. Sept. 30, 2019). There are 35 plaintiffs in *DiBenedetto,* and the court adopted his R&R for the majority of the plaintiffs on February 19, 2020, 2020 WL 820877, and for two estates on December 9, 2020, 2020 WL 7264046 (once letters of administration were issued).

Judge Lamberth appointed Mr. Balaran as special master in another Marine barracks bombing case on February 3, 2020, in *Aykes v. Islamic Republic of Iran*, No. 18-cv-265 (RCL), 2020 WL 7260445 (D.D.C. Feb. 3, 2020). There are 33 plaintiffs in *Aykes*, and the court adopted his R&R on April 17, 2022, 2022 WL 1238457, *amended and superseded* at 2022 WL 1438605.

During that time, Mr. Balaran amended one of his reports after a plaintiff sought reconsideration of his recommendation and submitted 500 pages of medical documentation.

Judge Kelly appointed Mr. Balaran as special master in a hostage case on March 12, 2020, in *Levinson v. Islamic Republic of Iran*, No. 17-cv-511 (TJK), 2020 WL 7251174 (D.D.C. Mar. 12, 2020). There are nine plaintiffs in that case, and the court adopted his R&R on July 16, 2020, 2020 WL 7130164.

Judge Bates appointed Mr. Balaran as special master in an embassy bombing case on November 13, 2019, in *Ewan v. Islamic Republic of Iran*, No. 17-cv-1628 (JDB), ECF No. 32. There are seven plaintiffs in *Ewan*, and the court adopted his R&R on June 10, 2020, 466 F. Supp. 3d 236 (D.D.C. 2020).

Judge Lamberth appointed Mr. Balaran as special master in two more cases in **2022**: *Roberts v. Islamic Republic of Iran*, No. 20-cv-1227 (RCL), where he was appointed on April 22,[1] and *Baxter v. Syrian Arab Republic*, No. 18-cv-1078 (RCL), 2022 WL 2817611 (D.D.C. July 19, 2022) where he was appointed on July 19.

Because it has remained "the Court's intention to review the forthcoming special master report before advancing this case" (April 7, 2022, Minute Order), *all* Plaintiffs in *Karcher* have effectively been denied the adjudications of their claims and the ability to obtain judgments in a timely manner, which has prevented them from recovering damages from the USVSST Fund, their only current realistic option of seeing even minimal compensation for their claims against Iran.[2]

---

[1] The *Roberts* case, which has no relation to Plaintiffs or Plaintiffs' counsel, involves EFP attacks and relies <u>exclusively</u> on evidence submitted to this Court in *Karcher*.

[2] The Court stated that "it is not opposed to Plaintiffs' requests to appoint a separate special master for the non-bellwether plaintiffs"; Plaintiffs previously filed a motion to appoint additional special masters on December 22, 2021, ECF No. 134, which they renewed immediately following the April 7, 2022, Minute Order, ECF No. 136, and which remains pending.

More importantly, it has caused further significant emotional distress to Plaintiffs and their families and has exacerbated the severe emotional toll these Plaintiffs already face.

Therefore, Plaintiffs respectfully request that the Court modify its (1) September 9, 2019, Order and Administrative Plan; (2) January 14, 2021, Order; and (3) February 5, 2021, Order, and set a deadline of August 31, 2022, for Mr. Balaran to submit the R&Rs for which he was appointed almost three years ago in this case.

Dated: August 1, 2022

                                               Respectfully submitted,

                                               OSEN LLC

By:    /s/ Gary M. Osen
          Gary M. Osen (DC Bar No. NJ009)
          Ari Ungar (DC Bar No. NJ008)
          Michael J. Radine (DC Bar No. NJ015)
          190 Moore Street, Suite 272
          Hackensack, NJ 07601
          Tel. (201) 265-6400

          TURNER & ASSOCIATES, P.A.
          C. Tab Turner
          4705 Somers Avenue, Suite 100
          North Little Rock, AR 72116
          Tel. (501) 791-2277

          Attorneys for Plaintiffs