IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
--------------------------------------------------------x
TIMOTHY KARCHER, et al.,              :
                                      :      Case No. 16-cv-00232 (CKK)
                    Plaintiffs,       :
                                      :
        -against-                     :
                                      :
ISLAMIC REPUBLIC OF IRAN,             :
                                      :
                    Defendant.        :
--------------------------------------------------------x
```

**STATUS REPORT PURSUANT TO THE COURT'S
<u>NOVEMBER 7, 2022, MINUTE ORDER</u>**

Plaintiffs respectfully set forth below their responses to the issues raised in the Court's

November 7, 2022, Minute Order.

**I.     The 15 Attacks Referred to the Special Master (Including 14 Attacks Involving
        Plaintiffs Injured by Iranian-Manufactured Explosively Formed Penetrators
        ("EFPs")).**

Plaintiffs have reviewed the Special Master's Reports & Recommendations ("R&Rs")

pertaining to 15 attacks for which the Court previously found Iran liable ("Referred Attacks").[1]

The Court will recall that Plaintiffs originally proposed that the Court adjust the existing

damages framework derived from *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52 (D.D.C.

2010), *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25 (D.D.C. 2007) ("*Peterson II*"),

and other cases due to unique medical issues raised by injuries caused by EFPs, as well as advances

in medicine since the *Valore/Peterson* framework was established. Plaintiffs therefore

recommended establishing what they believed was "a more nuanced set of baselines that takes into

---

[1]      There were initially 7 bellwether attacks. However, in its January 14, 2021, Order, ECF No. 125, the Court
appointed Mr. Balaran to assess non-economic damages and issue R&Rs for eight additional Plaintiffs who were
subsequently encompassed in the Court's January 14, 2021, Memorandum Opinion, *Karcher v. Islamic Republic of
Iran*, No. 16-cv-232 (CKK), 2021 WL 133507 (D.D.C. Jan. 14, 2021).

account the role that Traumatic Brain Injuries play in EFP attacks, along with other unique physical injuries caused by this weapon." Plaintiffs' Proposed Findings of Fact and Conclusions of Law, ECF No. 77, at 111. *See also Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 63 (D.D.C. 2019) ("Plaintiffs invoke a damages framework commonly applied in other FSIA cases in this Circuit"—citing *Valore* and *Peterson II*—"But they argue that this framework should be adjusted for EFP strikes.").

The Court acknowledged Plaintiffs' evidence showing that a "'fairly unprecedented' challenge of EFP strikes is the frequently resulting 'polytrauma,' that is, 'multiple traumatic injuries to a wide range of body organs and systems,'" including traumatic brain injury and "distinctive external injuries." *Id.* at 61. The Court, however, declined to adopt Plaintiffs' proposal, and referred the issue to a special master. *Id.* at 63-65. The Court directed that "[i]n Phase II bellwether proceedings, the special master should receive damages evidence consisting at least of medical records and further testimony," *i.e.*, "further testimony from experts or other fact witnesses." *Id.* at 65.

The ensuing R&Rs comprehensively reviewed the expert testimony and medical records submitted, but took a novel approach to assessing damages: Specifically, the R&Rs:

- Rejected the *Valore/Peterson* framework for damages, *see* Report and Recommendation of the Special Master re: Pain and Suffering Damages for Service Members Wounded in Action by Explosively Formed Penetrators, ECF No. 146 (filed under seal), at *122;

- Rejected the premise that courts should compare damages awards and attempt to achieve rough parity in their awards for comparable injuries, notwithstanding frequently cited district practice doing so, *see id.* at *26-38;

- Rejected Plaintiffs' proposal for adjusting the existing damages framework derived from *Valore/Peterson*, despite concluding that Plaintiffs are correct about the uniquely devastating medical issues raised by injuries caused by EFPs, *see id.* at *12, 61-63, 87-88, 93-95;

- Undertook an independent examination of medical literature and damages models outside the submissions in this case, *see, e.g., id.* at *84-87, 122-24;

- Formulated an entirely new framework for damages for injured survivors of EFP attacks, *see id.* at *125-28, but otherwise applied the *Valore/Peterson* framework for victims who survived non-EFP attacks, *see* ECF Nos. 148-1 (filed under seal) at 19-23; 148-3 (filed under seal) at 21-23; 148-4 (filed under seal) at 29-34; 148-5 (filed under seal) at 15-17 (R&Rs for WIAs injured in non-EFP attack); and

- Awarded damages to EFP victims that are in some cases lower than what would have been assessed under the existing *Valore/Peterson* framework for damages, *see* ECF No. 146 (filed under seal) at *138-39.

Plaintiffs therefore require further guidance from the Court because:

(A)   Plaintiffs had proposed that the Court *adjust* the existing *Valore/Peterson* damages framework but did not urge the Court to *reject* the *Valore/Peterson* framework for damages (or comparing damages awards generally) entirely, made no prior submission in support of such a position, and have no way to assess whether the Court intended Mr. Balaran to undertake a comprehensive review of all prior FSIA damages case law and recommend a *sui generis* damages framework; and

(B)   Plaintiffs are uncertain whether the Court expects Plaintiffs' counsel to provide an assessment of the R&R's citations to and reliance upon medical literature and damages models that are outside the record submitted in this case, which would require engaging medical experts for this purpose.

If the Court intends to adopt a wholly new framework for FSIA damages for injured survivors of terrorist attacks as the R&Rs propose, then Plaintiffs can certainly file objections to the R&Rs identifying various issues with the methodology proposed and the damages assessments recommended. However, Plaintiffs are unclear as to what role, if any, they should play in helping the Court evaluate the validity of this Circuit's longstanding, well-established case law on FSIA damages. In any event, Plaintiffs will be guided by the Court on this issue.

If the R&Rs' analyses exceed the Court's intended scope, Plaintiffs believe that the Court can proceed in several alternative ways. Among the options it may wish to pursue, the Court could direct Plaintiffs to:

(A)     Submit objections to the R&Rs solely based on the existing *Valore/Peterson* framework for damages and based solely on any perceived errors in analyzing and awarding damages based on that existing framework;[2]

(B)     Submit their Proposed Findings of Fact and Conclusions of Law as to the Plaintiffs' damages in the Referred Attacks directly to the Court so the Court can make its own determination of damages based on the submissions and evidence presented; or

(C)     Submit their Proposed Findings of Fact and Conclusions of Law to a Supplemental Special Master who would complete the assessment of Plaintiffs' damages for the Referred Attacks, either under the existing *Valore/Peterson* framework or with the mandate to also consider adjusting the existing damages framework due to acknowledged unique medical issues raised by injuries caused by EFPs.

## II.     The Appointment of Additional Special Masters to Evaluate Damages for Non-Bellwether Plaintiffs.

Plaintiffs have confirmed that the five special masters nominated in their prior proposal remain available to prepare reports and recommendations for all Plaintiffs whose claims have not been previously assigned to a special master, including those implicated in the 73 EFP attacks that the Court found Iran responsible for in its January 14, 2021, Memorandum Opinion, 2021 WL 133507. Plaintiffs are prepared to discuss and assist in whatever way the Court deems helpful.

Dated: November 16, 2022

Respectfully submitted,

By:     /s/ Gary M. Osen
        **OSEN LLC**
        Gary M. Osen (DC Bar No. NJ009)
        Ari Ungar (DC Bar No. NJ008)
        Michael J. Radine (DC Bar No. NJ015)
        Dina Gielchinsky (DC Bar No. NJ011)
        190 Moore Street, Suite 272
        Hackensack, NJ 07601
        Tel. (201) 265-6400

---

[2]     The R&Rs apply the existing frameworks in FSIA cases for damages for the lost wages and solatium claims.

4

TURNER & ASSOCIATES, P.A.
C. Tab Turner
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Tel. (501) 791-2277

Attorneys for Plaintiffs