```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
--------------------------------------------------------x
TIMOTHY KARCHER, et al.,                    :
                                            :           Case No. 16-cv-00232 (CKK)
                              Plaintiffs,   :
                                            :
            -against-                       :
                                            :
ISLAMIC REPUBLIC OF IRAN,                   :
                                            :
                              Defendant.    :
--------------------------------------------------------x
```

## NOTICE OF REQUEST FOR TELEPHONIC STATUS CONFERENCE

Plaintiffs respectfully follow up on their January 25, 2023, request for a status conference (ECF No. 152) to discuss their February 1, 2021, request for the appointment of five special masters to issue reports and recommendations. *See* ECF No. 127. *See also* ECF Nos. 134 (Dec. 22, 2021); 136 (Apr. 7, 2022); 141 (Aug. 19, 2022); 145 (Sept. 23, 2022); 149 (Nov. 16, 2022).

The claims which would be the subject of the reports and recommendations have been brought by the 227 family members and estates of decedents granted default judgment in this Court's January 14, 2021, Order, 2021 WL 133507. These claims are *not* dependent on the contents of the reports and recommendations issued by Alan Balaran, Esq., ECF Nos. 146-148 (filed under seal on October 29, 2022), to which Plaintiffs filed limited objections, ECF No. 150 (Jan. 13, 2023). That is because they involve estate and solatium claims for which courts in this District have routinely applied the existing damages framework. *See, e.g.*, *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269, 318 (D.D.C. 2006) (establishing framework for solatium claims); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010) (adopting the *Heiser* framework); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 234 (S.D.N.Y. 2003), *amended*, 2003 WL 23324214 (S.D.N.Y. May 19, 2003)

(awarding $1 million to estates for "moments" of conscious pain and suffering); *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 113 (D.D.C. 2000) (same).[1] Your Honor adhered to those frameworks (with upward departures in some cases) when awarding damages for estates' economic losses and conscious pain and suffering claims, and damages for family members' solatium claims. *See, e.g., Maupin v. Syrian Arab Republic*, 405 F. Supp. 3d 75, 86-87 (D.D.C. 2019); *Estate of Hirshfeld v. Islamic Republic of Iran*, 330 F. Supp. 3d 107, 143-48 (D.D.C. 2018); *Foley v. Syrian Arab Republic*, 281 F. Supp. 3d 153, 157 (D.D.C. 2017). Indeed, Mr. Balaran used the existing damages framework to recommend estate and solatium damages in his R&Rs.

Plaintiffs are concerned that many of them will continue to lose out on the extremely limited opportunities to receive even some compensation for their injuries from the U.S. Victims of State Sponsored Terrorism Fund (the "USVSST Fund"). As the Court knows, this fund, which provides payments for § 1605A judgment-holders, does so only periodically, and only when funds are available. It is the chief, if not sole, recovery source available, and for these Plaintiffs, once they miss a round of payments, they cannot recoup the loss (or "catch up") subsequently through the USVSST Fund. *See Azadeh v. Gov't of Islamic Republic of Iran*, 318 F. Supp. 3d 90, 101 & n.4 (D.D.C. 2018) (Jackson, J.) (acknowledging that missing the USVSST deadline could "deny[] [plaintiff] the most realistic path for recovery on any judgment," and promising to "move with the greatest possible haste to address any subsequent motion for a default judgment"). Since the Court's liability decision was issued on January 14, 2021, the affected Plaintiffs missed the

---

[1] Plaintiffs' forensic economic experts have each previously provided expert reports which were adopted in similar terrorism cases. *See, e.g.*, economic losses calculated by Steven A. Wolf, CPA, CFE, ABV/CFF, ASA in *Owens v. Republic of Sudan*, 71 F. Supp. 3d 252, 258-59 (D.D.C. 2014); *Doe v. Islamic Republic of Iran*, Civ. No. 08-0540 (D.D.C. May 9, 2013) (JMF) (JDB) (ECF No. 107); *Pugh v. Socialist Peoples' Libyan Arab Jamahirya*, 530 F. Supp. 2d 216, 263 (D.D.C. 2008); and *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 116 (D.D.C. 2005); and economic losses calculated by L. Wayne Plumly, Jr., Ph.D. in *Relvas v. Iran*, No. 14-cv-01752 (RCL) (D.D.C. Feb. 28, 2018) (ECF No. 83); and *John Doe A-1 to A-49 v. Democratic People's Republic of Korea*, No. 18-cv-00252 (DLF) (D.D.C. Feb. 24, 2021) (ECF No. 108).

subsequent August 1, 2022, deadline to participate in the distribution round that issued payments starting on January 4, 2023. That recovery has now been foreclosed. The next deadline has not been announced yet, but if there are funds available, the USVSST will authorize another distribution round on January 1, 2024. The deadline for submitting final judgments to participate in that round will precede that announcement.

Plaintiffs are also concerned that more of the special masters they previously nominated will become unavailable, as has already occurred. Following Plaintiffs' last communication with the Court in November of last year, nominating potential special masters and confirming their availability (at that time), one of the nominated special masters has informed Plaintiffs' counsel that, due to the passage of time and his professional commitments, he can no longer remain available to serve as special master.

Additionally, Plaintiffs respectfully refer to their outstanding submission of evidence supporting the Defendant Islamic Republic of Iran's liability for the 11 attacks not yet adjudicated in this case. Plaintiffs filed their submission on September 8, 2022, ECF No. 142-142-4, as instructed by this Court in its August 23, 2022, Minute Order. To the extent that the disposition of those liability claims is imminent, the assignment of a special master to address those damages claims could also be discussed at the conference.

Dated: April 28, 2023

          Respectfully submitted,

          OSEN LLC

By:   /s/ Gary M. Osen
       Gary M. Osen (DC Bar No. NJ009)
       Ari Ungar (DC Bar No. NJ008)
       Michael J. Radine (DC Bar No. NJ015)
       190 Moore Street, Suite 272
       Hackensack, NJ 07601
       Tel. (201) 265-6400

       TURNER & ASSOCIATES, P.A.
       C. Tab Turner
       4705 Somers Avenue, Suite 100
       North Little Rock, AR 72116
       Tel. (501) 791-2277

       Attorneys for Plaintiffs