erUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY KARCHER, *et al.*,

    Plaintiffs,

  v.

ISLAMIC REPUBLIC OF IRAN,

    Defendant.

Civil Action No. 16-00232 (CKK)

**MEMORANDUM OPINION**
(June 7, 2024)

**I. INTRODUCTION**

This Memorandum Opinion addresses the recommended awards for pain and suffering damages for assault, battery, and intentional infliction of emotional distress ("iied") for five Plaintiffs, as set forth by the Special Master in his [169] [sealed] report. The Special Master's Proposed Modification to EFP [Explosively Formed Penetrators] Damages Matrix ("Modified R&R") addresses the Plaintiffs' objections to his prior proposed methodology and proffers modifications thereto.[1]  Plaintiffs have indicated that they "will not be filing objections under Fed. R. Civ. P. 53(f)(2) to the Modified R&R." *See* Pls.' Notice of Non-Objection to Special Master's Proposed Modification to EFP Damages Matrix," ECF No. 170, at 1.[2]  Having considered the Modified R&R, and Plaintiffs' notice of their lack of objections, the Court ADOPTS the Special Master's recommended damages awards and incorporates by reference the Modified R&R.

---

[1] The Special Master's Proposed Modification to EFP Damages, ECF No. 169, addresses claims related to Plaintiffs Robert Bartlett, Nicholas Baumhoer, David Haines, Christopher Miller, and Tony Wood.

[2] The page numbers cited are those assigned through the electronic case filing ("ECF") system.

## II. PROCEDURAL BACKGROUND[3]

On August 26, 2019, this Court granted default judgment against Defendant Islamic Republic of Iran ("Iran") as to the claims of multiple Plaintiffs injured in bellwether attacks and the claims of Plaintiffs representing individuals killed in the bellwether attacks.[4] *See* Order, ECF No. 93; *see* August 26, 2019 Memorandum Opinion, ECF No. 94 (incorporated by reference herein). The Court made no finding regarding damages for any of these Plaintiffs. On January 14, 2021, the Court granted default judgment against Iran as to eight Surviving Plaintiffs, and thirty-four Plaintiffs representing the Estates of Deceased EFP Victims. *See* Order, ECF No. 122; *see* January 14, 2021 Memorandum Opinion, ECF No. 123 (incorporated by reference herein). The Court made no finding regarding the appropriate amount of damages for any of these forty-two Plaintiffs.

The Court referred the case to a Special Master, Mr. Alan L. Balaran, to prepare proposed findings of fact and recommendations on non-economic damages for the eight Plaintiffs injured in the non-bellwether EFP attacks as well as damages for the bellwether Plaintiffs. Order, ECF No. 122 at 2; *see also* Order and Administrative Plan, ECF No. 102 (appointing Mr. Balaran as Special Master to determine damages for bellwether Plaintiffs; i.e., "those related to the seven bellwether attacks that were the focus of the bench trial on December 3, 4, and 6, 2018, and their family

---

[3] The Court reiterates some of the background section from its [159] December 27, 2023 Memorandum Opinion.

[4] The Court required additional "information to establish Iran's liability" to Plaintiffs Kirby, Thornsberry, and Washburn. Order, ECF No. 93, at 1. Subsequently, the Court granted default judgment against Iran as to the claims of Plaintiffs Kirby, Thornsberry, and Washburn. *See* Order, ECF No. 105; *see* Memorandum Opinion, ECF No. 106 (incorporated by reference herein).

members); Order, ECF No. 125 (appointing Mr. Balaran as Special Master to determine non-economic damages for eight Plaintiffs).

On December 27, 2023, this Court issued its Memorandum Opinion addressing the following categories of recommended damages awards: (1) the assault, battery, and intentional infliction of emotional distress claims for four Plaintiffs injured in attacks not involving Explosively Formed Penetrators ("EFPs"); (2) conscious pain and suffering damages for the three estate Plaintiffs; (3) economic damages; and (4) solatium damages.  Memorandum Opinion, ECF No. 159 (analyzing damages and resolving objections by Plaintiffs); Order and Judgment, ECF No. 160 (awarding damages).  The Court did not address the recommended damages for pain and suffering for the thirteen Plaintiffs injured in the EFP attacks, as the Plaintiffs' objections to the Special Master's proposed "Trauma Scoring System" ("TSS") for calculating damages required additional time for resolution.[5]  The Court notes that the Special Master was tasked with constructing a framework for calculating damages resulting from EFPs, which could be applied to Plaintiffs in this case and used subsequently in other cases in which injuries resulted from EFPs.[6]

On March 28, 2024, Plaintiffs filed a Notice of New Authority, addressing the D.C. Circuit's decision in *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), which

---

[5] Plaintiffs argued that the "Trauma Scoring System" was "methodologically problematic, fraught with erroneous conclusions, relied on an improper aggregate of Traumatic Brain Injury ("TBI") Post-Traumatic Stress Disorder ("PTSD"), and Major Depressive Disorder ("MDD"), failed to consider EFP-induced polytrauma, repudiated plaintiffs' testimony, and lacked precedent."  Modified R&R, ECF No. 169, at 1.

[6] This differed from the damages framework used with respect to plaintiffs not injured in EFP attacks, where such framework was derived from *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25 (D.D.C. 2007) ("*Peterson II*") (beginning with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages), *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 84 (D.D.C. 2010) (departing upward from the baseline to a range of $7.5 to $12 million where there was more severe physical or psychological pain, such as where injuries were more numerous and/or severe), and their progeny (the "*Valore/Peterson II* framework").

3

"overturned the prior holdings by 'most judges in this District who have considered this issue [which] have determined that the material-support prong of the FSIA's terrorism exception extends to attempted extrajudicial killings.'" Pls.' Notice of New Authority (quoting *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (JDB), 2023 U.S. Distr. LEXIS 14874, at *21 (D.D.C. Jan. 27, 2023)); *see also Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 58 (D.D.C. 2019) ("In the alternative to a plain-text reading of Section 1605(a)(1) that is bolstered by legislative history, the Court concludes that material support or resources to facilitate EFP attacks qualify as material support for attempted extrajudicial killings. These attempts bring Iran within the terrorist exception to foreign sovereign immunity.") In their Notice, Plaintiffs included a table of the "attacks in this case for which Plaintiffs' previous submissions did not indicate any fatalities, and the status of the claims of Plaintiffs injured in those attacks." Pls.' Notice, ECF No. 165, at 2-4. Accordingly, the Special Master's Modified R&R addresses only those five [out of the thirteen] Plaintiffs who sustained EFP damages during attacks that claimed the lives of other service members.[7]

**III. DISCUSSION**

In its prior Memorandum Opinions, this Court concluded that Iran was liable for Plaintiffs' injuries under 28 U.S.C. § 1605A(c). Pursuant to Section 1605A(c), damages "may include economic damages, solatium, pain and suffering, and punitive damages." "The only remaining questions, therefore, are what type of damages Plaintiffs are entitled to recover and in what amounts." *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 59 (D.D.C. 2018). "Under the FSIA, a 'foreign states shall be liable in the same manner and to the same extent as a private

---

[7] Plaintiffs will file a status report by July 29, 2024, apprising the Court on the process of evidence collection on the additional claims.

individual under like circumstances.'  Therefore, plaintiffs are entitled to the typical array of compensatory damages that may be awarded against tortfeasors in the plaintiffs' respective domiciliary states." *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 51 (D.D.C. 2007) (quoting 28 U.S.C. §1606).  Plaintiffs' claims herein are for pain and suffering damages for assault, battery, and iied.

### A. Damages for Pain and Suffering - Assault, Battery, and IIED

The Special Master noted that his proposed revised EFP damages matrix is "grounded in the detailing findings of this Court and the expert opinions, testimony, and evidence cited in its August 26, 2019 Memorandum Opinion." Modified R&R, ECF No. 169, at 7.  The Special Master acknowledged that there are "several dynamics uniquely associated with EFP injuries," which are "incorporated into the calculus of pain and suffering damages." *Id.*  More specifically, the Special Master cited to the specific findings made by this Court regarding the unique properties of EFPs and the physical and psychological injuries resulting therefrom.  *See* Modified R&R, ECF No. 169, at 2-3 (citing August 26, 2019 Memorandum Opinion, ECF No. 95, at 81-84).

The Special Master's methodology can be summarized as follows: (1) as part of the initial calculation of an "EFP Baseline" for damages for pain and suffering, courts may consider traditional non-EFP criteria, as set forth in the *Peterson II* framework; (2) where medically supported, courts may consider adding 25% to the EFP Baseline to acknowledge the uniquely devastating effects of EFP-related physical injuries; (3) where medically supported, courts may consider adding 25% to the EFP Baseline to acknowledge the uniquely devastating effects of EFP-related psychological injuries; (4) courts may consider adding 15% to the EFP Baseline where EFP-related injuries required hospitalization exceeding one year; and (5) courts may consider

adding 15% to the EFP Baseline where EFP-related injuries resulted in permanent impairment. Modified R&R, ECF No. 169, at 7-8.

The Special Master indicated that, in calculating damages, he utilized information from the Court's Memorandum Opinion as well as "the trial testimonies of [ ] Bartlett and [ ] Haines; the Declarations of Robert Bartlett, Nicholas Baumhoer, David Haines, Christopher Miller, and Tony Wood; the expert reports of D. Wade Barker . . . and Kevin Lutz . . .; the Injury Summaries & Medical Evaluations of SGT [ ] Bartlett and LTC [ ] Haines by Dr. Shean Phelps; and the Special Master's Reports and Recommendations." Modified R&R, ECF No. 169, at 9.  The Special Master explained in detail his calculation of damages including the EFP baseline he applied, and application of any enhancements with medical and other evidence supporting such enhancements. The Special Master recommends damages for the five Plaintiffs, as follows: (1) Robert Bartlett - $13,500,000.00; (2) Nicholas Baumhoer - $2,500,000.00; (3) David Haines - $7,750,000.00; (4) Christopher Miller - $12,400,000.00; and (5) Tony Wood - $12,000,000.00.

Although the damage awards calculated by the Special Master result in damage amounts lower than those claimed by Plaintiffs (*see* Sealed Objections (to prior Special Master Report), Ex. 1 [chart of damages requested] ), the Plaintiffs have indicated that they do not object to any of the recommended pain and suffering damages (assault, battery, iied) for the five Plaintiffs injured in EFP attacks.  As such, the amounts recommended by the Special Master for damages for pain and suffering (assault, battery, and iied) for Plaintiffs Bartlett; Baumhoer; Haines; Miller; and Wood. are approved by this Court.

### IV. CONCLUSION

This Court acknowledges Plaintiffs' efforts to hold Iran responsible for the acts of terror that resulted in injury and/or death to persons serving in the military and realizes that no amount

6

of money that can truly compensate the servicemembers and members of their family. Based on the explanation set forth herein, the Court finds Defendant responsible for the injuries sustained by Plaintiffs and liable under the FSIA's state-sponsored terrorism exception for $48,150,000.00 in damages.

      A separate Order and Judgment consistent with these findings shall be entered this date.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE