UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-------------------------------------------------------------------------x

TIMOTHY KARCHER, *et al.*,                          :
                                                    :
                         Plaintiffs,                :     **Case No.: 16-cv-232 (CKK)**
                                                    :
-against-                                           :
                                                    :
ISLAMIC REPUBLIC OF IRAN,                           :
                                                    :
                         Defendant.                 :
                                                    :
-------------------------------------------------------------------------x

**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN ACCORDANCE
WITH THIS COURT'S AUGUST 1, 2024, MINUTE ORDER**

Plaintiffs, by and through their attorneys, submit this supplemental briefing in accordance with this Court's August 1, 2024, Minute Order to "provide the Court with additional information as to the June 29, 2011 attack, see Ex. A to ECF No. 142, and whether or not a determination on that attack should also be held in abeyance pursuant to the ruling in Borochov."

The June 29, 2011, attack resulted in the completed extrajudicial killings of three U.S. soldiers, per the SIGACT Report Plaintiffs submitted on a flash drive to the Court under seal, and as cited by Col. (Ret.) Kevin Lutz in his Consolidated Expert Report, filed at ECF No. 142-1 at 34 ("Three of the IRAMs detonated, causing extensive damage to COB Shocker's tactical operations center and gym and killing three U.S. soldiers and wounding seven additional U.S. soldiers and one civilian.") (citing SIGACT Report at 3-4).

While Plaintiffs in this case survived the attack, the D.C. Circuit in *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), did not hold that subject matter jurisdiction under 28 U.S.C. § 1605A is limited to deceased victims. Indeed, the *Borochov* court decision confirms that subject-matter jurisdiction exists over claims brought by plaintiffs who were physically injured in an attack that killed others by noting that "[b]ecause the perpetrator did not kill *anyone*

in the attack that injured the Golans, no extrajudicial killing occurred, and neither could there have been material support for 'such an act.'" 94 F.4th at 1060 (emphasis added). *See also id.* at 1061 ("The Golans' injuries were not 'caused by an act of *** extrajudicial killing' because the terrorist attack that injured them did not kill *anyone*.") (citing 28 U.S.C. § 1605A(a)(1)) (emphasis added). The reference to "anyone" makes clear that the D.C. Circuit did not intend to displace the pre-existing rule that the plaintiffs themselves do not need to be killed. *See, e.g.*, *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 81 (D.D.C. 2017) ("Plaintiffs need only establish that the bombing here was unauthorized, deliberate, and that there were casualties. It is not necessary, however, for one of the plaintiffs to have died in the attack in order for the state-sponsor-of-terrorism exception to apply.").

Dated: August 1, 2024

Respectfully submitted,

**OSEN LLC**

By:  /s/ Gary Osen
    Gary Osen (DC Bar No. NJ009)
    Ari Ungar (DC Bar No. NJ008)
    Michael Radine (DC Bar NJ015)
    Dina Gielchinsky (DC Bar No. NJ011)
    Naomi Weinberg (DC Bar No. NJ006)
    Aaron Schlanger (DC Bar No. NJ007)
    190 Moore Street, Suite 272
    Hackensack, New Jersey 07601
    Tel.: (201) 265-6400
    Fax: (201) 265-0303

    *Attorneys for Plaintiffs*