IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------x
TIMOTHY KARCHER, et al.,                :
                                        :   Case No. 16-cv-00232 (CKK)
            Plaintiffs,                 :
                                        :
    -against-                           :
                                        :
ISLAMIC REPUBLIC OF IRAN,               :
                                        :
            Defendant.                  :
---------------------------------------------------------x

**MOTION FOR SUBSTITUTION OF MARY JANE VANDEGRIFT
AS (I) PERSONAL REPRESENTATIVE FOR THE ESTATE OF
JOHN VANDEGRIFT AND (II) LEGAL REPRESENTATIVE
FOR THE ESTATE OF MATTHEW R. VANDEGRIFT**

Plaintiffs respectfully request that the Court grant leave to make the following two substitutions to the Amended Complaint, ECF No. 8 ("AC"):

(i) "Mary Jane Vandegrift, as Personal Representative for the Estate of John Vandegrift," in place of "John Vandegrift," listed in the AC ¶¶ 933, 935; and

(ii) "Plaintiff Mary Jane Vandegrift brings an action individually and on behalf of the Estate of Matthew R. Vandegrift, as its legal representative," in place of "Plaintiff John Vandegrift brings an action individually and on behalf of the Estate of Matthew R. Vandegrift, as its legal representative," listed in the AC ¶ 934.

**I.   Background**

In the AC (filed on March 14, 2016), John Vandegrift brought solatium claims under an intentional infliction of emotional distress ("IIED") theory pursuant to 28 U.S.C. § 1605A(c). *See id.* John Vandegrift was the father of First Lieutenant Matthew R. Vandegrift, who was killed in an attack in Iraq on April 21, 2008, while serving as a member of the United States Army. *See id.*, ¶¶ 928-30.

John Vandegrift died on September 23, 2016, during the pendency of this case. His death certificate reflects that he was domiciled at the time in Colorado. *See* **Exhibit A**. His widow, Mary Jane Vandegrift, was appointed as personal representative of his estate by the District Court, County of Jefferson, State of Colorado, on February 26, 2018. *See* **Exhibit B**.

The AC also pleads claims on behalf of the estate of First Lieutenant Matthew R. Vandegrift, including for economic loss. *See* AC, ¶ 934 and page 127. John Vandegrift had previously acted as the administrator of his son's estate, *see id.* ¶ 934, and upon John's passing, Mary Jane Vandegrift replaced him as the administrator of First Lieutenant Matthew R. Vandegrift's estate for "wrongful death purposes." *See* **Exhibit C**.

## II. Colorado State Law Permits Mary Jane Vandegrift to Bring Claims on Behalf of the Estate of John Vandegrift

Whether Mary Jane Vandegrift has standing as personal representative to bring claims on behalf of the estate of her late husband John Vandegrift is governed by state law. *See Anderson v. Islamic Republic of Iran*, 753 F. Supp. 2d 68, 82 (D.D.C. 2010). The laws of the State of Colorado govern the substitution requested, as John Vandegrift was domiciled there at the time of his passing and Mary Jane Vandegrift was appointed personal representative of his estate.

Colo. Rev. Stat. § 15-12-703(4) relates to the standing of an estate's personal representative, and provides: "Except as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as the decedent had immediately prior to death." Colo. Rev. Stat. § 13-20-101(1) provides that personal injury causes of action survive the death of the claimant in the State of Colorado.[1] As the personal

---

[1] The Colorado statute provides that "*[a]ll causes of action*, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has

representative appointed over John Vandegrift's estate, Mary Jane Vandegrift is accordingly authorized to continue this action on behalf of said estate.

### III. North Carolina State Law Permits Mary Jane Vandegrift to Bring Claims on Behalf of the Estate of Matthew R. Vandegrift

The laws of the State of North Carolina, where Matthew R. Vandegrift was domiciled at the time of his passing, govern Mary Jane Vandegrift's appointment as administrator over his estate. *See* Ex. C. The State of North Carolina's wrongful death statute is N.C. Gen. Stat. § 28A-18-2, which authorizes the "personal representative or collector of the decedent" to maintain an "action for damages," including for the "present monetary value" of the "[n]et income of the decedent." As the administrator for "wrongful death purposes" of Matthew R. Vandegrift's estate, Ex. C, Mary Jane Vandegrift is accordingly authorized to bring claims on the estate's behalf. *See* N.C. Gen. Stat. § 28A-1-1 ("'Personal representative' includes both an executor and an administrator…"). Accordingly, Mary Jane Vandegrift, as administrator for the Estate of Matthew R. Vandegrift, may continue this action on behalf of said estate.

### IV. Plaintiffs Respectfully Request Waiver of Federal Rule of Civil Procedure 25(a)(3)'s Requirement to Serve Defendant the Islamic Republic of Iran

Plaintiffs respectfully request the same relief permitting substitution without serving the Defendant Islamic Republic of Iran pursuant to Federal Rule of Civil Procedure 25(a)(3) that they requested in their prior motions, which the Court granted, and incorporate their argument herein.

---

accrued." *Id.* While it restricts the "damages recoverable" for certain actions, including the IIED-based pain and suffering claim commenced by John Vandegrift before his death, *id.*, this limitation is not related to standing, but rather to the "extent and nature" of the estate's underlying claims, which is governed by 28 U.S.C. § 1605A(c), not state law. *See Estate of Hirshfeld v. Islamic Republic of Iran*, 330 F. Supp. 3d 107, 138 (D.D.C. 2018). For example, the court in *Stansell v. Republic of Cuba*, 217 F. Supp. 3d 320, 332 (D.D.C. 2016), awarded solatium damages to an estate created under Colorado State law. Analogously, the court in *Cohen v. Iran*, 238 F. Supp 3d 71, 85 (D.D.C. 2017), found that an estate created pursuant to California State law had standing to maintain a claim, citing Cal. Code Civ. P. §§ 377.20 and 377.30 for the proposition that "a cause of action for or against a person is not lost by reason of the person's death ... and [such] an action may be commenced by the decedent's personal representative." In holding that the estate had standing and awarding it solatium damages, the court did not address Cal. Code Civ. P. § 377.34, the provision in California law restricting damages for pain and suffering causes of action.

*See* ECF Nos. 181, 182, 186, 187, 192. *See also Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15, 41 n.31 (D.D.C. 2020) ("Defendant Iran has not appeared in this suit, and the Clerk of the Court has entered default as to Iran with respect to the Smith Plaintiffs. Thus, the Smith Plaintiffs need not take further action, beyond filing a motion, to comply with Rule 25(b)).")

## CONCLUSION

Plaintiffs respectfully request that the Court substitute "Mary Jane Vandegrift, as Personal Representative for the Estate of John Vandegrift," in place of "John Vandegrift," listed in the AC ¶¶ 933, 935; and "Plaintiff Mary Jane Vandegrift brings an action individually and on behalf of the Estate of Matthew R. Vandegrift, as its legal representative," in place of "Plaintiff John Vandegrift brings an action individually and on behalf of the Estate of Matthew R. Vandegrift, as its legal representative," listed in the AC ¶ 934.

Dated: February 24, 2025
Hackensack, NJ

Respectfully submitted,

**OSEN LLC**

By:  /s/ Dina Gielchinsky
Dina Gielchinsky (DC Bar No. NJ011)
Gary M. Osen (DC Bar No. NJ009)
Ari Ungar (DC Bar No. NJ008)
Aaron Schlanger (DC Bar No. NJ007)
190 Moore Street, Suite 272
Hackensack, NJ 07601
Tel.: (201) 265-6400

**TURNER & ASSOCIATES, P.A.**
C. Tab Turner
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Tel. (501) 791-2277

Attorneys for Plaintiffs