UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY KARCHER, *et al.*,
    Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,
    Defendant.

Civil Action No. 16-00232 (CKK)

**MEMORANDUM OPINION AND ORDER**
(May 22, 2025)

**I. INTRODUCTION**

This Memorandum Opinion addresses the Special Master's [227] Sealed Report and Recommendation Regarding Damages as to injuries sustained by 32 Plaintiffs.[1] These Plaintiffs comprise estates or family members of seven decedents who were killed in attacks that utilized Explosively Formed Penetrators ("EFPs"), for which Defendant Islamic Republic of Iran ("Iran") and its proxies bear responsibility.[2] *See Karcher v. Islamic Republic of Iran*, Civil Action No. 16-232, 2021 WL 133507 (Jan. 14, 2021) (discussing in detail the circumstances surrounding the attacks on these ten decedents). That opinion is incorporated by reference herein. The Special Master's Report and Recommendation addresses the following categories of damage awards: (1) economic loss damages for five estate Plaintiffs, including unreimbursed funeral expenses for two

---

[1] A redacted version of the Report and Recommendation, ECF No. 227, shall be filed by Plaintiffs. This Memorandum Opinion and Order is not being filed under seal because it does not disclose any confidential information about the Plaintiffs.

[2] The Report and Recommendation addresses claims related to decedents Jeremiah Robinson, Scott Bandhold, Benjamin Slaven, Alan Blohm, Larry Bowman, Lucas Starcevich, and Matthew Kuglics.

1

estate Plaintiffs; and (2) solatium damages by multiple Plaintiffs, who are close family members of the seven decedents.[3] Having considered the Report and Recommendation of the Special Master – which is both thorough and well-reasoned – as well as the Plaintiffs' [228] Notice of Non-Objections to the Special Master's Report and Recommendation, the Court ADOPTS the Special Master's recommended damages awards. A separate consolidated Order and Judgment will be issued subsequently.

## II. PROCEDURAL BACKGROUND

After holding a three-day bench trial, on August 26, 2019, the Court granted default judgment against Iran as to the claims of multiple Plaintiffs injured in bellwether attacks and the claims of Plaintiffs representing individuals killed in the bellwether attacks. *See* Orders, ECF Nos. 93 & 105; *see* Aug. 26, 2019 Mem. Op., ECF No. 94 and Sept. 11, 2019 Mem. Op., ECF No. 106 (incorporated by reference herein). The Court made no finding regarding damages for any of those bellwether Plaintiffs but instead appointed Alan Balaran, Esq. as a Special Master to prepare reports and recommendations on damages for these Plaintiffs. *See* Sept. 9, 2019 Order and Admin. Plan, ECF No. 102. Before the Special Master's reports and recommendations had been completed, the Court ordered Mr. Balaran to include his findings on non-economic damages for eight non-bellwether Plaintiffs who were injured in EFP attacks for which the Court subsequently found Iran liable. *See* Jan. 14, 2021 Order, ECF No. 125; *see also* Jan.14, 2021 Order granting

---

[3] Plaintiffs claiming solatium damages are: Amy Robinson; Floyd Burton Robinson; Jacob Robinson; Lucas Robinson; Henry Bandhold, Jr.; Donald Bandhold; Judy Huenink; Nicole Landon; Misti Fisher; Sean Slaven; Chastity Laflin; Denise Vennix; Estate of Christopher Blohm; Jeremy Blohm; Kiana Blohm; Michelle Klemensberg; Ava Tomson; Bradley Starcevich; Ariana Starcevich; Trenton Starcevich; Glenda Starcevich; Richard Tomson; Andrew Tomson; Samantha Tomson; Donna Kuglics; Les Kuglics; and Emily Adams.

default judgment; Jan. 14, 2021 Sealed Mem. Op. (incorporated by reference herein) (addressing 73 non-bellwether attacks).

Mr. Balaran's reports and recommendations were filed under seal, ECF Nos. 146-148, and after an objection by the Plaintiffs – regarding the methodology employed to calculate EFP damages – the Special Master revised his EFP Damages Matrix, see ECF No. 169 (proposed modification). Plaintiffs filed their [170] Notice of Non-Objection, and the Court issued its [171] Memorandum Opinion and [172] Order adopting the analysis and [revised] damages calculations. Thereafter, this Court appointed four additional Special Masters "to administer damages proceedings for the Plaintiffs in this case [who were] awarded default judgment, [but] who were not part of this Court's remit to Mr. Alan L. Balaran." Oct. 3, 2024 Order and Admin. Plan, ECF No. 179, at 1. The four Special Masters were directed to provide their Reports and Recommendations on a rolling basis. *Id.* at 3. Special Master McKay's Report and Recommendation – which is the subject of this Memorandum Opinion and Order – addresses claims made by 32 Plaintiffs, based on "7 attacks for which this Court found Iran liable." Report and Recommendation, ECF No. 227, at 9.

### III. DISCUSSION

As a preliminary matter, Special Master McKay noted that this Court has jurisdiction over Plaintiffs' claims insofar as all the direct victims of the attacks were either "member[s] of the armed forces" or "employee[s] of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment," and furthermore, "all of the family member Plaintiffs are United States citizens." *Id.* at 9-10; *see* 28 U.S.C. §1605A(a)(2)(A)(ii) (regarding subject matter jurisdiction).

3

As noted herein, this Court has determined previously that Iran was liable for Plaintiffs' injuries under 28 U.S.C. § 1605A(c). Pursuant to Section 1605A(c), Plaintiffs' damages "may include economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c). "Under the FSIA, a 'foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances.' Therefore, plaintiffs are entitled to the typical array of compensatory damages that may be awarded against tortfeasors in the plaintiffs' respective domiciliary states." *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 51 (D.D.C. 2007) (quoting 28 U.S.C. §1606). In this case, therefore, "[t]he only remaining questions, therefore, are what type of damages Plaintiffs are entitled to recover and in what amounts." *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 59 (D.D.C. 2018).

In the instant case, Plaintiffs' claims for damages may be categorized as follows: (1) economic loss brought by the Estates of Plaintiffs Robinson, Slaven, Bowman, Starcevich, and Kuglics; (2) solatium claims brought by family members of the seven deceased victims; and (3) punitive damages. The issue of punitive damages was not referred to the Special Master; rather, Plaintiffs have requested punitive damages in their [8] Amended Complaint and through their [191] Motion in Support of Punitive Damages, which was granted by this Court. *See* Memorandum Opinion, ECF No. 196 (incorporated by reference herein) (awarding punitive damages, which are to be computed by multiplying each Plaintiff's compensatory damages by three). Accordingly, punitive damages for the 32 Plaintiffs addressed in this Opinion and Order will be calculated subsequently, in a manner consistent with this Court's Memorandum Opinion, ECF No. 196. The Court turns now to the Special Master's recommendations regarding Plaintiffs' other claims for damages.

### A. Economic Loss Damages

"Section 1605A explicitly provides that foreign state-sponsors of terrorism are liable to victims for economic losses stemming from injuries or death sustained as a result of the foreign state's conduct." *Thuneibat v. Syrian Arab Republic.* 167 F. Supp. 3d 22, 48 (D.D.C. 2016) (citing 28 U.S.C. § 1605A)(c)). Plaintiffs may prove economic losses through submission of a forensic expert's report. *Id.* at 49, *see Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 214 (D.D.C. 2012) ("The report of a forensic economist may provide a reasonable basis for determining the amount of economic damages in an FSIA case.") The Special Master first must examine the methodological soundness of the calculations, with the idea that "mathematical exactitude is often impossible," *Bova v. Islamic Republic of Iran*, No. 15-cv-1074 (RCL), 2020 WL 2838582, at *11 (D.D.C. May 31, 2020). Then, the Special Master may examine "reasonableness and foundation of the assumptions relied upon by the experts. *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 402 (D.D.C. 2015), to protect against "speculation, contingency, or conjecture." *Bova*, 2020 WL 2838582, at *11.

Throughout his Special Master Report and Recommendation, Special Master McKay documented the two expert reports by Wayne Plumly, Jr., Ph.D. and Steven A. Wolf, CPA, CFE, ABV/CFF, ASA that he utilized in support of calculating Plaintiffs' economic loss claims. Both economic experts are well-qualified, and both have previously provided expert reports on economic losses in numerous terrorism cases, where such loss calculations derived therefrom have been adopted by courts, including this Court. Based on a review of the record in this case, the Court finds these calculations and assumptions made by the forensic economist experts in their reports to be reasonable. Nor have Plaintiffs objected to any of the economic loss calculations. Accordingly, the economic loss damages recommended by the Special Master in his Report and

5

Recommendation on behalf of the Estates of Plaintiffs Robinson, Slaven, Bowman, Starcevich, and Kuglics are approved by this Court.

The Court notes that, as part of their claims for economic loss damages, the Estates of Jeremiah Robinson and Benjamin Slaven requested reimbursement of unreimbursed funeral expenses, including prejudgment interest, in the total amounts of $25,581.70 and $23,695.54, respectively. Funeral expenses may be awarded as part of economic damages pursuant to Section 1605A(c), along with prejudgment interest. *Colvin v. Syrian Arab Republic*, 363 F. Supp. 3d 141, 160-61 (D.D.C. 2019); *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 24 (D.D.C. 2009) (same). Regarding prejudgment interest, the Special Master explained that "[t]his Circuit has held that an appropriate measure of what rate to use when calculating prejudgment interest is 'the prime rate for each year, *i.e.*, the rate banks charge for short-term unsecured loans to credit-worthy customers.'" Report and Recommendation, ECF No. 227, at 13 (quoting *Oldham v. Korean Air Lines Co.*, 127 F.3d 43, 54 (D.C. Cir. 1997) (citing *Forman v. Korean Air Lines Co., Ltd.*, 84 F.3d 446, 450 (D.C. Cir.), *cert den.*, 519 U.S. 1028 (1996)). Accordingly, considering the applicable case law, the Court adopts the Special Master's recommended calculations of funeral expenses with prejudgment interest, which are included in claims for economic damages made by the Estates of Jeremiah Robinson and Benjamin Slaven.

### B. Solatium Damages

A claim for solatium is "a claim for the mental anguish, bereavement and grief that those with a close personal relationship to a decedent experience as a result of the decedent's death, as well as the harm caused by the loss of the decedent, society and comfort." *Belkin*, 667 F. Supp. 2d at 22 (citation omitted). Under the state-sponsored terrorism exception to the FSIA, "the award of solatium damages to the close relatives of terrorism victims" is expressly contemplated. *Fritz*, 324

F. Supp. 3d at 61-62 (citing 28 U.S.C. § 1605A(c)). It is presumed that "family members in direct lineal relationship suffer compensable mental anguish[.]" *Kaplan v. Hezbollah*, 213 F. Supp. 3d 27, 38 (D.D.C. 2016) (internal quotation marks omitted).

Judges in this District Court have employed "a general framework for the calculation of proper damage awards in FSIA cases" based on principles articulated in the *Heiser* case. *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16, 26 (D.D.C. 2011) (citing *Heiser v. Republic of Iran*, 466 F. Supp. 2d at 269-270). Under this general framework, spouses of deceased victims receive $8 million; parents and children receive $5 million; and siblings receive $2.5 million. *Peterson v. Islamic Republic of Iran* ("*Peterson II*"), 515 F. Supp. 2d 25, 52 (D.D.C. 2007); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010); *Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269 (D.D.C. 2006). "Spouses typically receive greater damage awards than parents, who, in turn, receive greater awards than siblings," and "families of victims who have died are typically awarded greater damages than families of victims who remain alive." *Heiser*, 466 F. Supp. 2d at 269 (internal quotation marks omitted).[4]

The Court notes also that there is some inconsistency in the amounts awarded to children of deceased victims with $3 million indicated as the amount to be awarded in cases such as *Anderson v. Islamic Republic of Iran*, 839 F. Supp. 2d 263, 266 (D.D.C. 2012) (based on the same amount awarded in *Stern v. Islamic Republic of Iran*, 271 F. Supp. 2d 286, 301 (D.D.C. 2003)); *see also Spencer v. Islamic Republic of Iran*, 71 F. Supp. 3d 23, 27-28 (D.D.C. 2014) (finding that

---

[4] "Relatives of surviving servicemen receive[ ] awards valued at half of the awards to family member of th[ose] deceased[.]" *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 79 (D.D.C. 2010); *see also Davis v. Islamic Republic of Iran*, 882 F. Supp. 2d 7, 14 (D.D.C. 2014) (finding that, for the immediate family members of a victim injured by terrorists, courts typically adhere to the following scale: "$4 million, $2.5 million, $1,5 million, and $1.25 million to spouses, parents, children and siblings, respectively." (quotation omitted)).

7

'[a]wards of $3 million to the children of deceased victims are typical . . . [while] [c]hildren of a surviving victim receive $1.5 million on average.") (citation omitted). In contrast, $5 million was awarded for children of a deceased servicemember in *Heisner*, 466 F. Supp. 2d at 318, and *Oveissi*, 768 F. Supp. 2d at 26, and in *Peterson II*, 515 F. Supp. 2d at 51-52 (where $2.5 million was established as the award for children of a surviving servicemember).

In *Mwila*, the court recognized this inconsistency and stated that:

> Courts in this district have differed somewhat on the proper amount awarded to children of victims. *Compare Peterson II*, 515 F. Supp. 2d at 51 ($2.5 million to child of injured victim), with *Davis v. Islamic Republic of Iran*, 882 F. Supp. 2d 7, 14 (D.D.C. 2012) ($1.5 million to child of injured victim). The Court finds the *Peterson II* approach to be more appropriate: to the extent such suffering can be quantified, [insofar as] children who lose parents are likely to suffer as much as parents who lose children.

*Mwila*, 33 F. Supp. 3d at 44-45. Reviewing the case law on solatium damages, this Court finds appropriate awards of solatium damages to immediate family members of victims killed by terrorists in the amounts of $8 million, $5 million, $5 million, and $2.5 million, to spouses, parents, children, and siblings, respectively. Special Master McKay's recommended solatium damage awards are well-supported by the record in this case, and they correspond to this formula. Accordingly, the Court adopts the Special Master's recommended solatium damage awards for Plaintiffs Amy Robinson; Floyd Burton Robinson; Jacob Robinson; Lucas Robinson; Henry Bandhold, Jr.; Donald Bandhold; Judy Huenink; Nicole Landon; Misti Fisher; Sean Slaven; Chastity Laflin; Denise Vennix; Estate of Christopher Blohm; Jeremy Blohm; Kiana Blohm; Michelle Klemensberg; Ava Tomson; Bradley Starcevich; Ariana Starcevich; Trenton Starcevich; Glenda Starcevich; Richard Tomson; Andrew Tomson; Samantha Tomson; Donna Kuglics; Les Kuglics; and Emily Adams.

## IV. CONCLUSION

The Court acknowledges Plaintiffs' efforts to hold Iran responsible for the acts of terror that resulted in injury and/or death to persons serving in the military and/or working for the Government and appreciates that there is no amount of money that can truly compensate the servicemembers/civilians and members of their family. Based on the explanation set forth herein, the Court finds Defendant responsible for the injuries sustained by Plaintiffs and liable under the FSIA's state-sponsored terrorism exception for damages based on economic loss, conscious pain and suffering, and solatium. Accordingly, it is this 22nd day of May 2025,

ORDERED that the court ADOPTS the Report and Recommendation by Special Master McKay, ECF No. 227, and it is further

ORDERED that Plaintiffs shall provide a redacted version of Report and Recommendation, which may be filed on the public docket, and it is further

ORDERED that Plaintiffs shall provide this Court with a chart, which lists the 32 Plaintiffs and the damage amounts set forth in the Special Master's Report and Recommendation, as adopted herein, and which calculates punitive damages in accordance with the formula used by the Court in its [196] Memorandum Opinion. Upon receipt thereof, this Court will issue its Order and Judgment, with the chart attached thereto.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE